FILED
JUN 20 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FOOD & FRIENDS, INC.

    Plaintiff,

v.

CURVES INTERNATIONAL, INC.,
FITNESS MANAGEMENT LLC,
CURVES CLEVELAND PARK,
and DOES 1-50

    Defendants.

CASE NUMBER 1:05CV01211

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: General Civil

DATE STAMP: 06/20/2005

Jury Trial Demanded

**JURY ACTION**

## COMPLAINT

Food & Friends, Inc. ("Plaintiff" or "Food & Friends"), by and through its attorneys, hereby complains against Curves International, Inc. ("Curves"), Fitness Management LLC ("FML"), Curves Cleveland Park ("CCP"), and Does 1-50 (collectively, "Defendants") as follows:

### I. NATURE OF THE ACTION

1.     This is an action against Defendants for trademark infringement, contributory trademark infringement, trademark dilution, contributory trademark dilution, unfair competition, breach of settlement agreement, and fraudulent inducement.

### II. PARTIES

2.     Plaintiff Food & Friends is a non-profit charitable organization formed in 1988. The primary mission of Food & Friends is to care for people in the greater Washington, D.C. area living with HIV/AIDS and other life-challenging illnesses, such as breast, lung and colon cancer, by providing home-delivered freshly prepared meals, groceries and nutrition counseling specifically tailored to the individual medical needs of

each client. Many of Food & Friends' clients are too ill to cook or to care about nutrition, often at a time when proper nutrition is vital to their well being. For them Food & Friends provides life-saving services. Food & Friends is the only organization in the D.C. region providing these services. Food & Friends has been recognized by the *Washingtonian* as one of the District's best local charities.

3. Upon information and belief, Defendant Curves is an international fitness corporation with hundreds of locations and/or franchises around the country, including dozens in the District of Columbia and surrounding metro area.

4. Upon information and belief, Defendant CCP is a franchisee of Curves with a place of business at 3414 Idaho Avenue, N.W., Washington, D.C. 20016.

5. Upon information and belief, Defendant FML is a franchisee of Curves with places of business located at 2105 North Pollard Street, Arlington, Virginia 22207-3811; 2772 South Arlington Mill Drive, Arlington, Virginia 22206-3402; 2529 Wilson Boulevard, Arlington, Virginia 22201-3815; and 2345 Crystal Drive, Arlington, Virginia 22202-4801.

6. Upon information and belief, Defendant Does 1-50 are franchisees of Defendant Curves that have infringed Food & Friends' registered trademarks. The precise identities of Does 1-50 are presently unknown to Plaintiff.

### III. JURISDICTION AND VENUE

7. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 on grounds that this action arises under federal trademark and unfair competition law. This Court also has supplemental jurisdiction over Plaintiff's common law claims as they are

joined with and are so related to the federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367 and 1338(b).

8.  Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391 because Defendants, on information and belief, do business in this District, have unlawfully conducted business in this District using Plaintiff's trademarks, and the injury to Plaintiff from the Defendants conduct is felt in this District.

### IV. GENERAL ALLEGATIONS

#### A. Food & Friends' Registered Trademarks

9.  Plaintiff is the owner of U.S. Trademark Registration No. 2,217,266 for the design mark FOOD & FRIENDS depicting a grocery bag with a heart on it and food coming out of the top of the bag for use in connection with "charitable fundraising services" in International Class 36. Plaintiff's U.S. Trademark Registration No. 2,217,266 is incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. A copy of Plaintiff's U.S. Trademark Registration No. 2,217,266 is attached hereto as Exhibit A.

10. Plaintiff is also the owner of U.S. Trademark Registration No. 2,214,556 for the word mark FOOD & FRIENDS, also for use in connection with "charitable fundraising services" in International Class 36. Plaintiff's U.S. Trademark Registration No. 2,214,556 is incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. A copy of Plaintiff's U.S. Trademark Registration No. 2,214,556 is attached hereto as Exhibit B (U.S. Registration Nos. 2,217,266 and 2,214,556 are referred to collectively as the "FOOD & FRIENDS trademarks").

11. Plaintiff is also the owner of U.S. Trademark Registration No. 2,332,631 for the word mark FOOD & FRIENDS for use in connection with "clothing, namely, t-shirts, sweatshirts, aprons and hats" in International Class 25.

12. Plaintiff also has extensive common law rights to the FOOD & FRIENDS trademarks for charitable fundraising services.

13. Since at least as early as September 12, 1989, Plaintiff has been continuously using the FOOD & FRIENDS trademarks in connection with charitable fundraising services to support its core mission of providing meals and groceries to people living with HIV/AIDS and other life-challenging illnesses.

14. Plaintiff has spent significant sums of money advertising, promoting and marketing its charitable services under the FOOD & FRIENDS trademarks and consequently has built up tremendous good will, including in the District of Columbia and surrounding Maryland and Virginia areas, in the charitable services it has provided under the trademarks. Plaintiff has promoted its charitable services under these trademarks, for example, through the use of newspaper and magazine advertisements and volunteer and donor newsletters. In addition, Plaintiff has prominently displayed the FOOD & FRIENDS trademarks on, among other things, letterhead, t-shirts, baseball caps, aprons, potholders, vehicle displays, and on Plaintiff's annual report.

15. Since its inception in 1988, Plaintiff has received substantial amounts of money in government grants and donations from well-known foundations and organizations such as Avon, Choice Hotels International, Altria Group, Capital One, Dominos Pizza, Crate & Barrel, and SunTrust Bank, to name but a few. Plaintiff further meets approximately half of its annual budget needs from numerous individual donors,

4

who make financial contributions as well as contributions in-kind of services and products, including groceries. In addition to fundraising, the goodwill Plaintiff has earned allows it to attract hundreds of volunteers annually to support its mission by delivering meals and groceries, helping in Plaintiff's kitchen, and assisting in countless other ways. These volunteers are critical to allowing Plaintiff to serve its clients with a minimal paid staff of dedicated professionals.

16. Because of Plaintiff's long-standing and continuous use of its FOOD & FRIENDS trademarks and the high quality of charitable services Plaintiff's offers in connection therewith, Plaintiff's FOOD & FRIENDS trademarks have garnered substantial recognition among consumers, charitable donors and volunteers, and fame within the community of non-profit charitable organizations, donors and volunteers.

### B. Curves International, Inc. and Its Franchisees

17. Curves claims to be the largest fitness franchise in the world with over 9,000 locations in 20 countries worldwide specifically targeted for women.

18. Founded in 1992, Curves is widely regarded in the franchising industry has having achieved the fastest growth rate of any franchise in U.S. history, even faster than McDonald's. Upon information and belief, the Curves organization is now worth approximately two billion dollars.

19. With full knowledge of Plaintiff's proprietary rights, Defendant Curves began infringing the FOOD & FRIENDS trademarks at least as early as 2004 and, upon information and belief, encouraged at least its U.S. franchisees (including Defendants CCP and FML) to infringe Plaintiff's FOOD & FRIENDS trademarks in connection with the advertising, promoting and marketing of Defendants' "Annual Food For Friends Food

Drive" -- an annual food drive of Defendants that Defendants also use as a marketing campaign to sell more Curves memberships (the initial membership fee is waived if a person desiring to join Curves brings in a bag of groceries). Defendants continue to unlawfully use the FOOD & FRIENDS trademarks.

20. Defendants are using the FOOD & FRIENDS trademarks to give a purposely false impression and mislead the public that there is some connection or association between Plaintiff's and Defendants' respective services or that Plaintiff sponsors, endorses and/or approves of Defendants' business or services.

### C. Plaintiff's 2004 Trademark Dispute With Defendants

21. At least as early as February 2004, Curves began promoting its "6th Annual Food For Friends Food Drive" in an advertisement targeted at least to the Washington, D.C. metro area with a confusingly similar logo comprising a shopping bag bearing the words "food for friends" having various groceries visible out of the top of the bag. A copy of the 2004 Curves ad depicting the offending logo is attached as Exhibit C.

22. On February 18, 2004, upon learning of the offending ad, Plaintiff wrote to Curves advising Curves of Plaintiff's rights in the FOOD & FRIENDS trademarks and demanding that Curves cease and desist its infringing use of the FOOD & FRIENDS trademarks.

23. Plaintiff was subsequently made aware of actual confusion in the marketplace when the co-owner of a Curves franchise called Plaintiff to inquire about the connection between Plaintiff and the Curves 6th Annual Food for Friends Food Drive.

24. In May 2004, to avoid costly litigation that might distract Plaintiff from its fundamental mission of feeding those who are gravely ill, Plaintiff believed it had settled

6

its dispute with Defendants through an amicable settlement memorialized in part in a letter agreement dated may 20, 2004 (hereinafter "Letter Agreement"). Among other terms, Plaintiff released Curves and Curves franchisees from claims of past infringement of the FOOD & FRIENDS trademarks. However, Plaintiff expressly did not authorize or license Defendant Curves or any of its franchisees to use any FOOD & FRIENDS trademarks in the future. It was clearly understood that, as part of the settlement, Curves and its franchisees would cease use of any logo or materials that used, approximated or sought to trade on the goodwill of the FOOD & FRIENDS trademarks.

### D. Defendants Breach of Settlement And Continuing Infringement

25. Despite purporting to settle the matter with Food & Friends and having entered into the Letter Agreement, Defendant Curves, and its franchisees, including Defendants CCP and FML, continued in 2005 to distribute advertisements with confusingly similar logos.

26. Defendant CCP continued to distribute advertisements comprising a shopping bag having various groceries visible out of the top of the bag, nearly identical to the materials used in 2004 that led to Plaintiff's initial claims. A copy of the 2005 CCP ad depicting the offending logo is attached as Exhibit D. CCP also distributed a second advertisement (a copy of which is attached as Exhibit E) comprising two grocery bags having various groceries visible from the top in a shopping cart that is pushed by the figure of a woman, the cart and the woman being stylized to form part of a heart shape. These advertising logos are confusingly similar to the FOOD & FRIENDS trademarks and continues Defendants' pattern of seeking to create the impression of some association with, endorsement from, or approval of Food & Friends.

27.    Moreover, upon information and belief, Defendant Curves distributed to Curves franchisees in advance of its 2005 food drive a "fill-in-the-blank" press release bearing a confusingly similar logo at the top comprising two grocery bags having various groceries visible from the top in a shopping cart that is pushed by the figure of a woman, the cart and the woman being stylized to form part of a heart shape. A copy of the press release depicting the offending logo is attached as Exhibit F. Upon information and belief, Defendant Curves distributed to its franchisees, for their use in public marketing materials, other forms and artworks with the same infringing logo.

28.    Furthermore, Defendant FML distributed a memorandum (a copy of which is attached hereto as Exhibit G) dated February 23, 2005 to its employees announcing the "Food for Friends promotion" beginning March 1, 2005. Defendant FML also widely distributed advertisements and other materials that bear a confusingly similar logo comprising two grocery bags having various groceries visible from the top in a shopping cart that is pushed by the figure of a woman, the cart and the woman being stylized to form part of a heart shape (an example of which is attached as Exhibit H).

29.    Upon information and belief, Defendant Curves has made no effort to prevent Curves franchisees from continuing to infringe Plaintiff's valuable trademarks, and many other Curves franchises in fact continue to infringe the FOOD & FRIENDS trademarks through advertising similar to those described above.

30.    Defendant Curves failure to prevent its franchisees from their continued infringement of Plaintiff's trademarks is particularly egregious given that it is Defendant Curves who created the "Annual Food for Friends Food Drive," encouraged its franchisees to participate in the food drive, provided the materials that infringed the

8

FOOD & FRIENDS trademarks, and entered into the settlement with Plaintiff. Having created its infringement problem by unlawfully encouraging its franchisees to use Plaintiff's trademarks, Defendant Curves has made no effort to halt infringement by its franchisees.

31. In view of the settlement with Plaintiff, Defendants knew or reasonably should have known that they were not permitted to use the FOOD & FRIENDS trademarks without first obtaining a right of use from Plaintiff.

32. Moreover, Defendants knew or reasonably should have known that the continued use of the FOOD & FRIENDS in connection with their purportedly charitable food drives would cause substantial injury to Plaintiff.

### V. CLAIMS FOR RELIEF

#### Count I
#### Federal Trademark Infringement (15 U.S.C. § 1114(1))
#### (Against All Defendants)

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Defendants' use of Plaintiff's FOOD & FRIENDS trademarks, and Defendants' marketing and advertising in connection therewith, is likely to cause confusion, to cause mistake, or to deceive the public by virtue of its confusing similarity to Plaintiff's FOOD & FRIENDS trademarks, the similarity of the services, and the geographic proximity of the services provided by Plaintiff and Defendants, and thus constitutes infringement of Plaintiff's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

9

35. The aforesaid acts relating to the infringement of Plaintiff's FOOD & FRIENDS trademarks were willful and intentional. Plaintiff has suffered damages in amounts to be proven at trial. Defendants, moreover, have unjustly profited and benefited from their unlawful use of the FOOD & FRIENDS trademarks. Plaintiff has suffered and will continue to suffer irreparable injury and damage to Plaintiff's charitable mission, reputation and goodwill. Plaintiff has no adequate remedy at law.

### Count II
### Federal Contributory Trademark Infringement (15 U.S.C. § 1114(1))
### (Against Defendant Curves)

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Defendants FML's, CCP's and Does 1-50's use of Plaintiff's FOOD & FRIENDS marks in marketing, promotional materials and advertising is likely to cause confusion, to cause mistakes, or to deceive the public, and thus constitutes infringement of Plaintiff's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. Defendant Curves encouraged, contributed to, induced, and/or was willfully blind to, and continues to encourage, contribute to, induce, and/or remain willfully blind to, the infringement of Plaintiff's FOOD & FRIENDS trademarks by, among other acts and failures to act, providing to its franchisees materials, such as form press releases and marketing materials, that infringe Plaintiff's trademarks. A sample of such a form press release is attached hereto as Exhibit F.

39. Defendant Curves further encouraged, contributed to, induced, and/or was willfully blind to, and continues to encourage, contribute to, induce, and/or remain willfully blind to, the infringement of the FOOD & FRIENDS trademarks by, among

other acts and failures to act, (a) failing to take remedial efforts to cause its franchisees to cease infringing the FOOD & FRIENDS trademarks through continued use of materials provided by Defendant Curves which were the subject of the 2004 settlement between Defendant Curves and Plaintiff, (b) distributing promotional, marketing and other materials to franchisees in 2005 that were likely to lead franchisees to believe they were authorized to, and further encouraged and induced franchisees to, continue infringing the FOOD & FRIENDS trademarks through continued use of materials provided by Defendant Curves which were the subject of the 2004 settlement, and (c) remaining deliberately indifferent to the continued infringing acts committed by its franchisees.

40.    The aforesaid acts relating to the infringement of Plaintiff's FOOD & FRIENDS trademarks were willful and intentional. Plaintiff has suffered damages in amounts to be proven at trial. Defendants, moreover, have unjustly profited and benefited from their unlawful use of the FOOD & FRIENDS trademarks. Plaintiff has suffered and will continue to suffer irreparable injury and damage to Plaintiff's charitable mission, reputation and goodwill. Plaintiff has no adequate remedy at law.

### Count III
### Common Law Trademark Infringement
### (Against All Defendants)

41.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42.    Defendants' use of Plaintiff's FOOD & FRIENDS trademarks and Defendants' marketing and advertising in connection therewith is likely to cause confusion, to cause mistake, or to deceive the public by virtue of its confusing similarity to Plaintiff's FOOD & FRIENDS trademarks, the similarity of the services, and the

geographic proximity of the services provided by Plaintiff and Defendants, and thus constitutes infringement of Plaintiff's common law rights in the FOOD & FRIENDS trademarks.

43. The aforesaid acts relating to the infringement of Plaintiff's FOOD & FRIENDS trademarks were willful and intentional. Plaintiff has suffered damages in amounts to be proven at trial. Defendants, moreover, have unjustly profited and benefited from their unlawful use of the FOOD & FRIENDS trademarks. Plaintiff has suffered and will continue to suffer irreparable injury and damage to Plaintiff's charitable mission, reputation and goodwill. Plaintiff has no adequate remedy at law.

### Count IV
### Federal Trademark Dilution (15 U.S.C. § 1125(c))
### (Against All Defendants)

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Defendants use of the FOOD & FRIENDS trademarks causes dilution of the distinctive quality of the famous FOOD & FRIENDS marks owned by Plaintiff by lessening the capacity of Plaintiff's famous marks to identify and distinguish the charitable services of Plaintiff and by tarnishing Plaintiff's reputation in the charitable services community. Defendants' actions are intended to trade on Plaintiff's reputation or to cause dilution of Plaintiff's famous FOOD & FRIENDS trademarks. Such acts violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

46. The aforesaid acts relating to the dilution of Plaintiff's FOOD & FRIENDS trademarks were willful and intentional. Plaintiff has suffered damages in amounts to be proven at trial. Defendants, moreover, have unjustly profited and

benefited from their unlawful use of the FOOD & FRIENDS trademarks. Plaintiff has suffered and will continue to suffer irreparable injury and damage to Plaintiff's charitable mission, reputation and goodwill. Plaintiff has no adequate remedy at law.

## Count V
### Federal Contributory Trademark Dilution (15 U.S.C. § 1125(c))
### (Against Defendant Curves)

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. Defendants FML's, CCP's and Does 1-50's use of the FOOD & FRIENDS trademarks causes dilution of the distinctive quality of the famous FOOD & FRIENDS trademarks owned by Plaintiff. These acts are intended to trade on Plaintiff's reputation or to cause dilution of Plaintiff's famous FOOD & FRIENDS trademarks. Such acts violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Defendant Curves further encouraged, contributed to, induced, and/or was willfully blind to, and continues to encourage, contribute to, induce, and/or remain willfully blind to, the infringement of the FOOD & FRIENDS trademarks by, among other acts and failures to act, (a) failing to take remedial efforts to cause its franchisees to cease infringing the FOOD & FRIENDS trademarks through continued use of materials provided by Defendant Curves which were the subject of the 2004 settlement between Defendant Curves and Plaintiff, (b) distributing promotional, marketing and other materials to franchisees in 2005 that were likely to lead franchisees to believe they were authorized to, and further encouraged and induced franchisees to, continue infringing the FOOD & FRIENDS trademarks through continued use of materials provided by

Defendant Curves which were the subject of the 2004 settlement, and (c) remaining deliberately indifferent to the continued infringing acts committed by its franchisees.

50. The aforesaid acts relating to the dilution of Plaintiff's FOOD & FRIENDS trademarks were willful and intentional. Plaintiff has suffered damages in amounts to be proven at trial. Defendants, moreover, have unjustly profited and benefited from their unlawful use of the FOOD & FRIENDS trademarks. Plaintiff has suffered and will continue to suffer irreparable injury and damage to Plaintiff's charitable mission, reputation and goodwill. Plaintiff has no adequate remedy at law.

## Count VI
### Federal Unfair Competition (15 U.S.C. § 1125(a))
### (Against All Defendants)

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. Defendants' use of Plaintiff's FOOD & FRIENDS trademarks is a false designation of origin and false representation. Such use creates a mistake and deception in the trade and consumer's mind as to the affiliation, connection, or association of Defendants' services as well as a false designation of origin, sponsorship, or approval of Defendants' services. Such acts violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Defendants' false designations of origin and false representations of its services have caused and will continue to cause irreparable injury and damage to Plaintiff's charitable mission, reputation and goodwill. Plaintiff has suffered damages in amounts to be proven at trial. Defendants, moreover, have unjustly profited and

benefited from their unlawful use of the FOOD & FRIENDS trademarks. Plaintiff has no adequate remedy at law.

### Count VII
### Common Law Unfair Competition
### (Against All Defendants)

54.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55.     Defendants' use of Plaintiff's FOOD & FRIENDS trademarks is a false designation of origin and false representation. Such use creates a mistake and deception in the trade and consumer's mind as to the affiliation, connection, or association of Defendants' services as well as a false designation of origin, sponsorship, or approval of Defendants' services. Such acts violates Plaintiff's rights under common law unfair competition.

56.     Defendants' false designations of origin and false representations of its goods have caused and will continue to cause irreparable injury and damage to Plaintiff's charitable mission, reputation and goodwill. Plaintiff has suffered damages in amounts to be proven at trial. Defendants, moreover, have unjustly profited and benefited from their unlawful use of the FOOD & FRIENDS trademarks. Plaintiff has no adequate remedy at law.

### Count VIII
### Breach of Settlement Agreement
### (Against Defendant Curves)

57.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58.     Plaintiff and Defendant Curves knowingly entered into a valid and enforceable settlement arising out of a dispute over infringement by Defendant Curves and its franchisees of Plaintiff's FOOD & FRIENDS trademarks, and that settlement was memorialized in part in the Letter Agreement.

59.     Defendant Curves has breached and continues to breach its settlement with Food & Friends by, among other acts and failures to act, (a) its unlawful, infringing and continuing use of Plaintiff's FOOD & FRIENDS trademarks; and (b) its failure to take remedial actions to cause its franchisees to cease infringing the FOOD & FRIENDS trademarks through continued use of the infringing materials provided by Defendant Curves which were the subject of the 2004 settlement.

60.     Defendant Curves breach of the settlement agreement has caused and will continue to cause irreparable injury and damage to Plaintiff.

**Count IX**
**Fraudulent Inducement**
**(Against Defendant Curves)**

61.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 60 as if fully set forth herein.

62.     To induce Plaintiff to enter into the settlement of the 2004 trademark claims, including the Letter Agreement, Defendant Curves, among other things, falsely represented to Plaintiff that Defendant Curves would not use any trademark similar to the FOOD & FRIENDS trademarks without prior authorization or license from Plaintiff. Curves was explicit that Food & Friends would have no further trademark problems with Defendant Curves. The representations were made on several occasions by Defendant

Curves' in-house counsel to counsel for Food & Friends, on telephone calls in April and May 2004, during negotiations leading to the settlement.

63.     At the time of inducing Plaintiff to enter into the Letter Agreement, Defendant Curves knew of the falsity of this material misrepresentation of fact, or made it with reckless indifference as to its truth.

64.     Defendant Curves' material misrepresentations of fact was deliberately made for the purpose of defrauding Plaintiff into entering into a settlement that Plaintiff would not have entered into were it not for Defendant Curves' material misrepresentations.

65.     Plaintiff relied to its detriment on Defendant Curves' material misrepresentations.

66.     Plaintiff has suffered damages in amounts to be proven at trial. Plaintiff is further entitled to punitive damages based on Defendant Curves' fraudulent conduct. Plaintiff has suffered and will continue to suffer irreparable injury and damage to Plaintiff's charitable mission, reputation and goodwill. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Food & Friends prays that this Court enter an Order:

A.      That Defendants' use of the FOOD & FRIENDS trademarks is unlawful and that Defendants and all persons in active concert or participation with Defendants be temporarily, preliminarily, and permanently enjoined from using the FOOD & FRIENDS trademarks and/or any other marks confusingly similar thereto, in any manner, including,

without limitation, as a trade name, trademark, or service mark, or other such uses, as provided by 15 U.S.C. § 1116.

B. That Defendants be required to deliver to Plaintiff for impounding and destruction all products, goods, labels, packaging, business stationary, letterhead, advertising materials, fliers, signs, wrappers, brochures, and any other documents and things bearing the FOOD & FRIENDS trademarks and/or any other marks confusingly similar thereto employed by Defendants in carrying out their infringing and wrongful conduct as provided by 15 U.S.C. § 1118.

C. For Counts I, III, IV, VI, and VII, that Defendants pay to Plaintiff its damages as will be proven at trial together with all profits and any and all monies that have been received by Defendants in connection with Defendants' infringing and wrongful conduct, and that such damages be trebled where appropriate as provided for by 15 U.S.C. § 1117.

D. For Counts II and V, that Defendant Curves pay to Plaintiff its damages as will be proven at trial together with all profits and any and all monies that have been received by Defendants in connection with Defendants' infringing and wrongful conduct, and that such damages be trebled where appropriate as provided for by 15 U.S.C. § 1117.

E. For Count VIII, that Defendant Curves be found to have breached the 2004 settlement and that Plaintiff be awarded its damages as will be proven at trial.

F. For Count IX, that Defendant Curves pay to Plaintiff its damages as will be proven at trial together with punitive damages for Defendant Curve's egregious conduct, and that declares the release in the Letter Agreement void *ab initio*.

G.    That Plaintiff recover from Defendants the cost of this action together with reasonable attorneys' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

H.    That Plaintiff receive such other and further relief as may be proper, just and equitable.

## JURY CLAIM

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury of all triable issues.

June 17, 2005

Respectfully submitted,

By: _____
Steven B. Fabrizio
(D.C. Bar No. 436482)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005-3823
Tel: 202.639.6000
Fax: 202.639.6066

Brian P. O'Donnell
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
Tel: 312.222.9350
Fax: 312.527.0484

*Attorneys for Plaintiff*
*Food & Friends, Inc.*