IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOOD & FRIENDS, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05 1211 (CKK) |
| ) | |
| v. ) | |
| ) | |
| CURVES INTERNATIONAL, INC., ) | |
| FITNESS MANAGEMENT LLC, ) | |
| CURVES CLEVELAND PARK, ) | |
| and DOES 1-50 ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY TO LEARN THE IDENTITIES
OF DOE DEFENDANTS**

By this motion, Plaintiff Food & Friends, Inc. ("Food & Friends") seeks leave to take early discovery for the limited purpose of learning the identities of the Doe Defendants in order to properly add them as named defendants in this action, to serve them with process, and to preserve important evidence that otherwise is likely to be lost. Food & Friends is a charitable organization that prepares and delivers meals to individuals in the D.C. area who are living with HIV/AIDS or other life-challenging illnesses. Defendant Curves and its franchisees, including Fitness Management LLC ("FML"), Defendant Curves Cleveland Park ("CCP") and Does 1-50, are responsible for widespread infringement of Plaintiff's trademarks in connection with an annual sales and marketing campaign of Defendants. Plaintiff needs limited discovery to learn the identities of Defendant Curves' other franchisees in the D.C. area that have participated in the harmful infringement of Plaintiff's trademarks.

Accordingly, Plaintiff seeks leave to issue document subpoenas to Defendant Curves' franchisees in the D.C. area and to serve limited interrogatories to Defendant Curves regarding the identities of infringing franchisees. In addition to needing this threshold discovery to identify and bring the proper defendants before the Court, Plaintiff has reason to believe that absent early discovery evidence vital to establishing infringement by the Doe franchisees will be permanently lost. Without this identifying information, Plaintiff cannot recover the full and complete relief to which it is entitled.

Plaintiff, therefore, asks that the Court expedite consideration of this motion and grant Plaintiff's motion. Plaintiff will immediately notify each named Defendant of the filing of this motion.

## BACKGROUND

Curves claims to be the largest fitness franchise in the world with over 9,000 locations in 20 countries worldwide. Founded in 1992, Curves is widely regarded in the franchising industry has having achieved the fastest growth rate of any franchise in U.S. history, even faster than McDonald's. Curves has approximately 40 franchisees in the D.C. area.

Plaintiff Food & Friends is a non-profit charitable organization formed in 1988. The primary mission of Food & Friends is to care for people in the greater Washington, D.C. area living with HIV/AIDS and other life-challenging illnesses, such as breast, lung and colon cancer, by providing home-delivered freshly prepared meals, groceries and nutrition counseling specifically tailored to the individual medical needs of each client. Many of Food & Friends' clients are too ill to cook or to care about nutrition, often at a time when proper nutrition is vital to their well being. For them Food & Friends provides

life-saving services. Food & Friends is the only organization in the D.C. region providing these services. Food & Friends has been recognized by the *Washingtonian* as one of the District's best local charities.

With full knowledge of Plaintiff's proprietary rights, Defendant Curves began infringing the Food & Friends trademarks at least as early as 2004. The Food & Friends registered trademarks include the words "Food & Friends" and a distinctive design consisting of a grocery bag with food visibly protruding from the top of the bag. Upon information and belief, Defendant Curves encouraged at least its U.S. franchisees (including Defendants CCP and FML) to infringe Plaintiff's trademarks in connection with the advertising, promoting and marketing of Defendants' "Annual Food For Friends Food Drive" -- an annual food drive of Defendants that is also used by Defendants for commercial purposes, to sell more Curves memberships (the initial membership fee is waived if a person desiring to join Curves brings in a bag of groceries). Defendants have continued to unlawfully use the Food & Friends trademarks despite Plaintiff's request that Curves cease and desist. Defendants are using the Food & Friends trademarks to give a purposely false impression and mislead the public that there is some connection or association between Plaintiff's and Defendants' respective services or that Plaintiff sponsors, endorses and/or approves of Defendants' business or services.

Plaintiff has already gathered substantial evidence of infringement by the Defendants. That evidence demonstrates that Defendants are liable under longstanding principles of direct and contributory trademark infringement. *E.g., Partido Revolucionario Dominicano (PRD) v. Partido Revolucionario Dominicano*, 312 F. Supp. 2d 1 (D.D.C. 2004).

Defendant Curves' so-called "food drive" is an annual event and last took place in March, 2005. Plaintiff's investigation has revealed that several D.C. area franchisees already have discarded (or claim to have discarded) all materials used in the 2005 food drive, thus frustrating Plaintiff's efforts to identify infringers. Plaintiff is reasonably concerned that absent the requested early discovery, many more, if not all, D.C. area franchisees will have permanently discarded crucial evidence.

Plaintiffs have no choice but to file suit against Doe Defendants and seek leave to take discovery to identify the Defendants so that this case can proceed, and full and complete relief can be obtained by Plaintiff. This motion seeks leave to serve third party subpoenas and interrogatories to Defendant Curves, for the limited purpose of learning the identities, whereabouts and participation in the infringing activities of Doe Defendants.

Once Plaintiff learns the correct identities of Doe Defendants, Plaintiff will seek to add them as Defendants to this lawsuit.

## ARGUMENT

There can be no dispute that a Doe lawsuit is a proper means of bringing suit against those who violate the law. Courts in this and other circuits routinely permit immediate discovery where plaintiffs are not able to determine the identity of the defendants. *See, e.g., Schiff v. Kennedy,* 691 F.2d 196, 197-198 (4th Cir. 1982) (per curiam) (holding that unnamed individuals are proper parties if the individuals can be identified through discovery); *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) (prohibiting dismissal of unnamed defendants, because identity could be ascertained through discovery); *Valentin v. Dinkins,* 121 F.3d 72, 75-76 (2d Cir. 1997) (vacating dismissal because plaintiff was entitled to discovery to reveal defendant's

4

identity); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (permitting joinder of Doe defendant, because identity could be obtained through discovery); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Rather than dismissing the claim, the court should have ordered disclosure of the Office Doe's identity"); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (permitting party who "is ignorant of defendants' true identity . . . to obtain their identity through limited discovery").

Plaintiffs have met their burden of showing "good cause" for discovery in advance of a Rule 26(f) conference. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 481, 419 (D. Colo. 2003); *Entertainment Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. 2003) ("[A] district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances") (quotations omitted); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. Thus, courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." *Id.* at 277.

First, good cause exists where, as here, the complaint alleges, among other things, claims of direct and contributory infringement of intellectual property and unfair competition. *See Semitool*, 208 F.R.D. at 276; *Qwest Comm.*, 213 F.R.D. at 419 ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."); *Benham Jewelry Corp. v. Aron Basha Corp.*, No. 97 CIV 3841, 1997 WL 639037, at *20 (S.D.N.Y. Oct. 14, 1997).

Second, the discovery that Plaintiff seeks in this case is critical to ensuring that those who have engaged in unlawful infringement can be brought before the Court as soon as possible. The limited discovery sought will very likely identify additional D.C. area Curves franchisees that have been involved in the infringement of Plaintiff's trademarks. Each should properly be made a Defendant in this case. *See Knapp v. Americredit Fin. Servs., Inc.*, 204 F.R.D. 306, 308-09 (S.D. W. Va. 2001) (holding that where there are Doe Defendants who are alleged to be in a conspiracy with a named defendant, a court should grant expedited discovery because it "further[s] the goal of assuring that the necessary parties are joined and participating in this action at the earliest possible date").

Third, good cause exists because the narrowly tailored discovery requests do not exceed the minimum information required to advance this lawsuit and will not prejudice Defendants. *See Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"). The information sought is limited solely to learning the identities of the additional Doe Defendants that have infringed on Plaintiff's trademarks and preserving the materials through which that infringement was

6

accomplished. There is no prejudice to the Defendants because Plaintiffs merely seek information to identify the Doe Defendants and to serve them with process.

Fourth, courts also find good cause "where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest Communications*, 213 F.R.D. at 419. The most recent Curves "food drive" concluded in March 2005. Plaintiff has learned that several D.C. area franchisees already have discarded the infringing marketing and promotional materials, or claim they have done so. Undoubtedly, many if not most other franchisees will soon permanently discard their marketing and promotional materials. Thus, crucial evidence is likely to be irrevocably lost to Plaintiff absent the requested early discovery.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Take Expedited Discovery should be granted.

Respectfully submitted,

By: _____
Steven B. Fabrizio
(D.C. Bar No. 436482)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005-3823
Tel: 202.639.6000
Fax: 202.639.6066

*Attorneys for Plaintiff*
*Food & Friends, Inc.*

Dated: June 21, 2005