IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOOD & FRIENDS, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05 1211 (CKK) |
| ) | |
| v. ) | |
| ) | |
| CURVES INTERNATIONAL, INC., ) | |
| FITNESS MANAGEMENT LLC, ) | |
| CURVES CLEVELAND PARK, ) | |
| and DOES 1-50 ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF STEVEN B. FABRIZIO

I, Steven B. Fabrizio, being duly sworn, hereby declare as follows:

1. I am a partner in the law firm of Jenner & Block LLP; a member in good standing of this Court; and counsel of record for plaintiff Food & Friends. I state the following based on my personal knowledge.

2. In April of this year, Food & Friends learned that at least some Curves franchisees in the DC area were continuing to infringe Food & Friends' registered trademarks. My firm shortly thereafter agreed to take on the representation of Food & Friends in this matter as *pro bono* counsel. We promptly began a factual investigation that included having legal assistants visit several area Curves locations to attempt to obtain the materials used by those franchisees in connection with the 2005 Curves food drive.

3. At my direction and under my supervision, these legal assistants visited no less than a dozen different Curves franchise locations in Washington, DC and the surrounding Maryland and Virginia areas.

1

4.  Other than the named franchisee defendants in this action, no franchisee provided materials. Some franchisees purported to take a quick look for materials and indicated they could not locate any. Others simply stated that they already had discarded all materials from the March 2005 food drive. Still others indicated that they thought they had materials on file, promised to look for those materials, but never provided any.

5.  On May 3, 2005, I telephoned the general counsel for Curves, Mr. Roger Schmidt. Mr. Schmidt and I had fairly extensive dealings with each other last year, in the course of settling Food & Friends' trademark infringement claims based on Curves' 2004 food drive.

6.  After our telephone call, also on May 3, 2005, I sent Mr. Schmidt an e-mail attaching some of the infringing promotional and marketing materials that Food & Friends had gathered. Exhibit A to this Declaration is a true and correct copy of the May 3, 2005 e-mail I sent to Mr. Schmidt.

7.  In his response, Mr. Schmidt indicated that Curves did not know anything about the materials I had sent him. He requested that I identify the franchisee from which we obtained them. We did so, and also continued our investigation in an attempt to locate additional materials from other Curves franchisees. We did in fact manage to obtain materials from one additional franchisee, defendant Fitness Management LLC. On May 19, 2005, I forwarded some of these materials to Mr. Schmidt.

8.  Attached hereto as Exhibit B is a true and correct copy of a document Curves sent to at least some of its franchisees entitled "Curves Food Drive Promotion." In the document, Curves states that "[w]e strongly encourage all of you to participate" in the food drive. This document was voluntarily provided to my legal assistant by defendant Fitness Management LLC.

2

9. On May 25, 2005, I reminded Mr. Schmidt that he had not yet responded to my May 19th e-mail. Later that day, Mr. Schmidt sent me an e-mail in which he acknowledged that Curves had made available to its franchisees the materials I had forwarded on May 19th. Curves took the position that those materials had been sufficiently redesigned so as not to infringe the Food & Friends trademarks.

10. Later in the afternoon of May 25, 2005, I sent Mr. Schmidt another e-mail detailing some of the reasons why Food & Friends believes that the materials admittedly made available by Curves to its franchisees infringed upon the Food & Friends trademarks. A true and correct copy of my May 25, 2005 e-mail to Mr. Schmidt is attached hereto as Exhibit C.

11. On May 27, 2005, Mr. Schmidt responded with an e-mail stating that he and his colleagues were at a corporate retreat and he would not have access to his board of directors until the following Wednesday. Accordingly, he promised a response to my May 25th e-mail by Friday, June 3rd. A true and correct copy of Mr. Schmidt's May 27, 2005 e-mail to me is attached hereto as Exhibit D.

12. That same day, I replied to Mr. Schmidt's e-mail stating that Food & Friends would "take no action through the end of next week and wait to hear from you." A true and correct copy of my May 27, 2005 e-mail to Mr. Schmidt is attached hereto as Exhibit E.

13. On June 2, 2005, Mr. Schmidt sent me an e-mail indicating that Curves' response to my May 25th e-mail might be delayed because "Mike Raymond (our marketing director) is still on vacation ...." A true and correct copy of Mr. Schmidt's June 2, 2005 e-mail to me is attached hereto as Exhibit F.

14. On June 6, 2005, Mr. Schmidt sent me an e-mail disagreeing with most substantive points contained in my May 25th e-mail. In his June 6th e-mail, Mr. Schmidt stated

3

that "I sincerely want to avoid litigation" and "I will wait to hear from you as to how you believe we can put a peaceful end to this." A true and correct copy of Mr. Schmidt's June 6, 2005 e-mail to me is attached hereto as Exhibit G.

15. The complaint for declaratory judgment that Curves filed in the Western District of Texas is filed stamped June 6, 2005. A review of the online docket for the Western District of Texas also indicates that Curves' complaint was filed on June 6, 2005.

16. Neither Mr. Schmidt nor anyone representing Curves ever advised or disclosed to Food & Friends that Curves had filed litigation in the Western District of Texas. Curves did not serve Food & Friends with that complaint until after Food & Friends had served Curves with the Summons and Complaint in this Action.

17. In discussions with Curves' counsel, Mr. Jim Hudson, about this motion, I offered to stipulate that Food & Friends would limit the franchisees from which it sought early discovery to those 42 locations identified on Curves' website as being located in DC or the immediately surrounding areas.

18. True and correct copies of the unpublished decisions referenced in plaintiff's reply brief are attached hereto collectively as Exhibit H.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 9th day of July, 2005.

Steven B. Fabrizio