## Fabrizio, Steven B

**From:** Fabrizio, Steven B
**Sent:** Friday, May 27, 2005 11:12 AM
**To:** Roger Schmidt
**Cc:** James E. Hudson III, Esq.
**Subject:** RE: Curves Food Drive Materials

Same to you (and Jim) -- have an enjoyable and safe Memorial Day weekend. We'll take no action through the end of next week and wait to hear from you.

SBF

---

**From:** Roger Schmidt [mailto:RSchmidt@curvesinternational.com]
**Sent:** Friday, May 27, 2005 11:06 AM
**To:** Fabrizio, Steven B
**Cc:** James E. Hudson III, Esq.
**Subject:** RE: Curves Food Drive Materials

Steve:

We are in club camp this week and I will not have access to The Board until next Wednesday. I will discuss this matter with them at that time and hopefully get you a response by next Friday.

Have a safe Memorial Day weekend.

Roger

-----Original Message-----
**From:** Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
**Sent:** Wednesday, May 25, 2005 2:24 PM
**To:** Roger Schmidt
**Cc:** James E. Hudson III, Esq.; Mike Raymond; Kevin Ayers; Gary Heavin
**Subject:** RE: Curves Food Drive Materials

CONFIDENTIAL -- FOR SETTLEMENT PURPOSES ONLY

Roger:

We obviously have a very different view. We believe the current Curve's logo continues to infringe the Food & Friends trademark. In addition to the obvious overall physical similarities, factors that would tend to create confusion include, but are not limited to, the following: (a) for several years Curves used a logo nearly identical to the Food & Friends mark thus creating an environment predisposed to confusion; (b) Curves continues to use a similar grocery bag with food coming out of the top; (c) Curves employs the imagery of the heart in direct association with the grocery bag (which is obviously far different than use of a heart generally in charitable endeavors); (d) Curves uses the logo in connection with a food drive, striking at the essence of Food & Friends' mission; and (e) Curves used the logo in the precise geographic markets that Food & Friends serves and in which Food & Friends fundraises.

Candidly, Roger, given our dealings last year, we consider this quite an egregious infringement.

As your trademark lawyers undoubtedly would tell you, you cannot simply use someone else's validly registered

7/9/2005

trademark, replacing their name with yours, and claim you've avoided confusion because you prominently put your own name on the mark. Not only is that an unfair business practice, but in this context it clearly does not avoid confusion. To the contrary, the Curves 2005 logo suggests a relationship and association between Curves and Food & Friends, as if they've joined forces for the food drive. Did you truly think otherwise when you used the Food & Friends grocery bag with the Curves name? Given how Curves blatantly uses the food drive to sell Curves memberships, the implied association has commercial implications as well.

It is no wonder that your Cleveland Park franchise felt authorized to use a nearly identical logo from last year. As I take from your studious silence on the subject, Curves never informed franchisees of the settlement with Food & Friends or the prohibition on using the Food & Friends mark. On top of that, Curves distributes materials with a logo that would indicate to any franchisee that of course they can use the Food & Friends mark -- most people would probably not even recognize that Curves tried to differentiate its current logo from the Food & Friends mark, as you claim.

Curves is an enormous corporation and has endless possibilities for a logo for its annual food drive. It is inexplicable that Curves would continue to use the trademarked grocery bag of a local charitable organization that does so much good for those trying to live with life challenging illnesses in the DC, MD and VA communities. This certainly has the earmarks of a deliberate slap at Food & Friends. Food & Friends struggles every year to raise the funds it requires to meet its commitment to those who rely on Food & Friends for their next meal -- literally, for their next meal. Establishing a brand and identity is critical to that process, as any fundraising organization would tell you. Curves' trading on the Food & Friends mark undermines Food & Friends' efforts and hurts those most vulnerable and in need. That cannot be the sort of corporate citizenship for which Curves wants to be known.

To state the obvious, we believe Curves is guilty of direct trademark infringement for the 2005 materials it distributed to franchisees, and is subject to liability for secondary trademark infringement for the Cleveland Park materials. Undoubtedly, neither one of us is pleased about the deja vu sense of all this, but if you would like to discuss a a non-litigated resolution of this matter, please let me know immediately.

Food & Friends expressly reserves all rights and remedies.

SBF

**Steven B. Fabrizio**
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005-3823
Tel (202) 639-6040
Fax (202) 661-4823
SFabrizio@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Roger Schmidt [mailto:RSchmidt@curvesinternational.com]
**Sent:** Wednesday, May 25, 2005 12:56 PM
**To:** Fabrizio, Steven B
**Cc:** James E. Hudson III, Esq.; Mike Raymond; Kevin Ayers; Gary Heavin
**Subject:** FW: Curves Food Drive Materials

Steve:

The materials associated with the 2005 Curves food drive are correctly depicted in the two scans you

7/9/2005

transmitted to me on May 19, 2005 via email.

As you can clearly tell, earnest efforts were made to create a "Curves food drive" logo substantially different from your FOOD & FRIENDS trademark registration. The creation of Curves new logo was guided in large part by Mr. Schniderman's February 18, 2004 letter which requested Curves "cease and desist the use of the grocery bag with the words "food for friends" on it. Obviously the Curves logo was reviewed by trademark lawyers before it was released.

In addition to conforming to Mr. Schniderman's 2004 notice, new materials were created which clearly distinguish the "Curves food drive" logo from the FOOD & FREINDS trademark. This included clearly and repeatedly identifying the source as Curves International both in the logo, the descriptive term "Curves food drive" and in the text on each material. The words FOOD and FRIENDS, present in your registrations and previously discussed, are not present in the logo. The term CURVES was placed on each of the two bags in the shopping card within the design, whereas the FOOD & FRIENDS AND DESIGN prominently features a single grocery bag with a single solid heart.

While you referenced in your email that both marks include a heart, as I understand it, the use of a heart prominently in marks for charitable endeavors is very common. Moreover the heart in the "Curves food drive" logo is suggested by a series of curves, which also prominently suggest the top and bottom rear of the shopping card and a woman pushing the cart. Unlike the FOOD & FRIENDS mark, our heart is not a solid or clear simple shape.

In light of the various and obvious differences in the marks, we do not believe there is any likelihood of confusion.

I trust this answers your inquiry for all purposes. As you can clearly see, we have to avoided any similarity with your FOOD & FRIENDS trademark likely to result in consumer confusion.

Roger

7/9/2005