**Fabrizio, Steven B**

**From:** Roger Schmidt [RSchmidt@curves.com]
**Sent:** Monday, June 06, 2005 5:06 PM
**To:** Fabrizio, Steven B
**Cc:** James E. Hudson III, Esq.; Gary Heavin; Kevin Ayers; Mike Raymond
**Subject:** Re: Curves Food Drive Materials - CONFIDENTIAL - - FOR SETTLEMENT PURPOSES ONLY

CONFIDENTIAL - - FOR SETTLEMENT PURPOSES ONLY

Steve:

After discussions with the folks here at Curves, it is quite apparent that we have a very different view on this situation. As a charitable organization that strives only to do "good" for the underprivileged, we are equally disappointed in your position with regard to this matter, especially in light of your client also being a "charitable organization".

After a very thorough review of this situation, we find your client's demands untenable. Your client's only registered marks are FOOD & FRIENDS and FOOD & FREINDS AND DESIGN. While your FOOD & FREINDS mark is merely the three terms "FOOD, &, and FRIENDS", the design mark adds the grocery bag, heart, bread, and dairy images. These graphics are not registered as trademarks apart from your other marks. Also please note that there are over 205 registered trademarks existing for services in Class 036 which include a heart, bag, bread, or dairy product. We also believe that the images of a grocery bag and a heart are so common in the food and charity circles that any attempted trademark enforcement of either would be very difficult if not impossible. I am sharing this information with you as I sincerely want to avoid litigation and believe the above clearly shows you simply can't protect anything but the words, Food & Friends. Curves does not use those words.

As far as the respective logos are concerned, and to be succinct, I cannot imagine that any reasonable person would remotely consider the two logos similar. Certainly no reasonable person would view the logos in such light as to be confused as to the source of the respective goods and services.

As to your somewhat antagonistic statement, "As I take from your studious silence on the subject, Curves never informed franchisees of the settlement with Food & Friends or the prohibition on using the Food & Friends mark", you have apparently forgotten the confidentiality portion of our mutual settlement that you wrote into the Agreement we made last year. Such dissemination of information by Curves is clearly prohibited by our Settlement Agreement and that is why we did not communicate the terms of the Settlement Agreement to anyone except as allowed by the Agreement.

Your client's claim that Curves raises millions of dollars and takes food from your charity is simply unfounded. I seriously doubt that few, if any, that contribute food to the Curves food drive donate to your client's charity. Your comment that Curves is trading on your client's trademark is actually quite absurd especially in light of the fact "Curves" is a world famous recognized trademark. Probably the most food raised by Curves in the entire D.C. area would at best constitute a couple

7/9/2005

thousand pounds. If that is what your client is seeking, I will certainly request that the same be delivered to your client to effect a compromise on this situation. Additionally, Curves has conducted a nationwide food drive for years and does not target your "backyard" in the least.

Your comments seem to focus on "funds" that F&F raises and it is important for you to note that Curves does not raise money as F&F does, it targets only food in kind. Also, Curves food drive lasts a mere thirty (30) days each year as compared to your client year around efforts.

As to the one franchisee you claim used your logo, we have no knowledge of that and certainly did not authorize it. It was simply an isolated incident that I am certain was not intended to harm your client in the least. As far as your statement that "It is inexplicable that Curves would continue to use the trademarked grocery bag of a local charitable organization" I would urge you to review the many, many charities throughout the United States which use some type of grocery bag or heart in their logos and fund raisers. Again, I seriously doubt you have any enforceable trademark as to your grocery bag, much less all grocery bags.

Steve, the respective marks are so distinctive that there is no likelihood of confusion. I will wait to hear from you as to how you believe we can put a peaceful end to this. I will be available all week and look forward to discussing this matter with you.

Regards,

Roger

7/9/2005