UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UMG RECORDINGS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES 1-199,<br><br>Defendants. | Civil Action No. 04-093 (CKK) |

**MEMORANDUM OPINION**
(March 10, 2004)

Before the Court is Plaintiffs' motion for leave to take expedited discovery. Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement. Plaintiffs request permission to serve limited, immediate discovery on Verizon, a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, address, telephone number, email address, and Media Access Control address.

According to Plaintiffs' complaint, each Defendant uses an online media distribution system to download Plaintiffs' copyrighted works, distribute these works to the public, and/or make copyrighted works available for distribution to others. Pls' Mot. at 2. Although Plaintiffs do not know Defendants names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. *Id.* Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it belongs to Verizon. *Id.*

Public Citizen, the American Civil Liberties Union ("ACLU"), the Electronic Frontier Foundation, and the ACLU of the National Capitol Area have collectively requested leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion. *See Amici* Mot. Plaintiffs oppose this motion, stating that the issues raised by *amici* are premature. Plaintiffs point out that no party has raised the issues *amici* raises in its memorandum, and that it is well established that *amici* cannot inject issues into a case which have yet to be raised by a party. Pls' Opp. to *Amici* Mot. at 1, 5; *see McCleskey v. Zant*, 499 U.S. 467, 523 n.10 (1991). While Plaintiffs are correct that *amici* raise issues prematurely, the constitutional and procedural issues identified by *amici* can be resolved in the ordinary course of this litigation at the appropriate time. Accordingly, the Court shall Grant *amici*'s motion for leave to file.

It is clear to the Court that Defendants must be identified before this suit can progress further. The Court shall grant Plaintiffs' request for expedited discovery, with certain limitations outlined herein. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint.

If and when Verizon is served with a subpoena, Verizon shall give written notice, which may include email notice, to the subscribers in question within five business days. If Verizon

and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena.

      An appropriate Order accompanies this Opinion.

March 10, 2004                            /s/
                                                           COLLEEN KOLLAR-KOTELLY
                                                           United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARNER BROS. RECORDS INC., *et al.*,  )
                                     Plaintiff,  )
            v.  )    Civil Action No. 04-1673 (RMC)
JOHN DOE,  )
                                       Defendant.  )

**ORDER**

       Plaintiffs are record companies that are suing a "John Doe" defendant for copyright infringement. Plaintiffs have filed a motion for leave to take expedited discovery on a third-party Internet Service Provider ("ISP") for the limited purpose of obtaining information sufficient to identify Defendant. The complaint alleges that Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works, distribute copyrighted works to the public, and/or make copyrighted works available to others. Plaintiffs have determined that Georgetown University is the ISP that provided Internet access to Defendant.

       Courts have wide discretion in discovery matters and may order expedited discovery under appropriate circumstances. *See Ellsworth Assoc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (granting motion for expedited discovery). Plaintiffs claim that "[w]ithout the ability to obtain Defendant's identifying information . . . [they] may never be able to pursue their lawsuit to protect their copyrighted works from repeated infringement." Pltfs. Motion at 3. Further, they contend that there is good cause to order expedited discovery because: 1) the harm to Plaintiffs is irreparable; 2) the ISP may not preserve the necessary identifying information; 3) the discovery

sought is narrowly-tailored; and 4) the information is needed to pursue their lawsuit. *Id.* at 8-10.

Plaintiffs have demonstrated good cause for expedited discovery and the motion is **GRANTED**. Plaintiffs may serve Georgetown University with a Rule 45 subpoena for the limited purpose of obtaining information sufficient to identify Defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses. The disclosure of this information is **ORDERED** pursuant to 47 U.S.C. § 551(c)(2)(B). Information obtained in response to the subpoena may be used to contact Defendant to resolve the dispute prior to litigation or to prosecute the claims set forth in the Complaint.

**SO ORDERED.**

DATE: October 12, 2004.                                  /s/_____
                                                         ROSEMARY M. COLLYER
                                                         United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ATLANTIC RECORDING CORPORATION, a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; BMG MUSIC, a New York general partnership; INTERSCOPE RECORDS, a California general partnership; UMG RECORDINGS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; and WARNER BROS. RECORDS INC., a Delaware corporation,

                Plaintiffs,

v.

DOES 1 - 3,

                Defendants.

Civil Action No.:

04 0475

## [PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on George Washington University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks

information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 3-31-04                         _____
                                        United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOTOWN RECORD COMPANY, L.P., a California limited partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; FONOVISA, INC., a California corporation; LONDON-SIRE RECORDS INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; BMG MUSIC, a New York general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; LOUD RECORDS, LLC, a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; and INTERSCOPE RECORDS, a California general partnership,<br><br>      Plaintiffs,<br><br> v.<br><br>DOES 1-95,<br><br>      Defendants. | Civil Action No.: 04-2179 (JR)<br><br>FILED<br><br>DEC 21 2004<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER GRANTING MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Verizon Internet Services, Inc. to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: December 20, 2004

James Robertson
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BMG MUSIC, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-0476 (ESH) |
| ) | |
| DOES 1-3 ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs' Motion for Leave to Take Immediate Discovery is before the Court. Based upon the record and the relevant law, it is hereby

**ORDERED** that plaintiffs' motion is **GRANTED**; it is

**FURTHER ORDERED** that plaintiffs will be allowed to serve immediate discovery on Georgetown to obtain the identity of each John Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each defendant, including name, address, telephone number, email address, and Media Access Control address. Any information disclosed to plaintiffs in response to the Rule 45 subpoena may be used by plaintiffs solely for the purpose of protecting plaintiffs' rights as set forth in the Complaint; it is

**FURTHER ORDERED** that if and when Georgetown is served with a subpoena, it shall give written notice, which can include use of email, to the subscribers in question within five business days. If Georgetown and/or any defendant wishes to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service, and Georgetown shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; and it is

**FURTHER ORDERED** that plaintiffs shall provide Georgetown a copy of this Order along with its subpoena.

**SO ORDERED.**

                                                                                s/
                                          ELLEN SEGAL HUVELLE
                                          United States District Judge

Date:   March 31, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTA RECORDS, INC, <u>et al.</u>, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SAKFIELD HOLDING COMPANY ) <br> S.L., <u>et al.</u>, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 03-1474 (RCL) |

### ORDER

Plaintiffs' Motion for Leave to Take Immediate Discovery is GRANTED, and it is hereby ORDERED that Plaintiffs shall be permitted immediate leave to serve the following discovery requests:

1. Interrogatories and document requests to Defendant Sakfield Holding Company, S.L., designed to identify who owns, controls, and/or benefits from Sakfield and/or PureTunes; who was responsible for obtaining, copying, and disseminating recordings on the PureTunes website; and the source and location of the database of recordings used on the PureTunes website.

2. A subpoena to Cogent Communications, Inc. for records and testimony concerning the PureTunes site, Sakfield, and other entities and individuals in Sakfield's corporate chain.

3. A subpoena to Wayne Rosso for records and testimony concerning his knowledge of the PureTunes website, including who owns, controls, and/or benefits from Sakfield and/or PureTunes; who was responsible for obtaining, copying, and disseminating recordings on the PureTunes website; and the source and location of the database of recordings used on the PureTunes website.

4. A subpoena to Daniel Rung for records and testimony concerning the technology behind PureTunes, the source and location of the database of recordings used on

the PureTunes website, as well as any information he might possess about who owns, controls, and financially benefits from Sakfield and/or the PureTunes site.

5. A subpoena to Grokster, Inc. for records and testimony concerning who owns, controls, and/or benefits from Sakfield and/or PureTunes; the source and location of the database of recordings used on the PureTunes website; and the nature of the financial partnership between Grokster, Inc. and PureTunes and/or Sakfield.

6. A subpoena, and/or other appropriate discovery mechanisms, to Bibit Payment Services for records and testimony concerning communications between Bibit and Sakfield and/or related entities and individuals; and information regarding the location of PureTunes' profits.

7. Subpoenas, and/or other appropriate discovery mechanisms, to individuals identified in the corporate records of the various shell companies that appear to make up the Sakfield corporate family for information concerning the identity of those behind Sakfield and/or PureTunes and other information related to the PureTunes operation.

8. A subpoena to Javier Siguenza for records and testimony concerning the identity of those behind Sakfield and/or PureTunes.

9. Follow-up discovery as necessary and appropriate to any of the foregoing requests.

The Clerk is directed to forward copies of this Order to counsel of record.


Signed by Royce C. Lamberth, United States District Judge, on July 22, 2003.