IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FOOD & FRIENDS, INC.                :

    Plaintiff,                        :

v.                                  :    CASE NUMBER 1:05CV01211 CKK

                                                                           Filed Under Seal

FITNESS MANAGEMENT, LLC, et al.,    :

    Defendants.                       :

### DEFENDANT FITNESS MANAGEMENT, LLC.'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendant Fitness Management, LLC, ("FML"), by and through its counsel, respectfully requests this Court enter an Order dismissing this action against FML pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted, and in support thereof, Defendant FML states as follows:

### I. STATEMENT OF FACTS

1. This litigation arises from Plaintiff's claims that Defendant FML has used and "continue[s]" to use Plaintiff's trademark to "mislead the public" of some connection between the Plaintiff and FML. (See Complaint, ¶ 19 and 20).

2. Plaintiff's trademarks at issue are the phrase "Food & Friends" and a design mark consisting of a grocery bag with a heart on it, food coming out of the top of the bag and the phrase "Food & Friends" set off to the right side of the image. (See Exhibit A to Plaintiff's Complaint.)

3. In support of its claims of Infringement, Common Law Infringement, Federal Trademark Dilution, Federal Unfair Competition and Common Law Unfair

RECEIVED
JUL 18 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

    Competition against Defendant FML, Plaintiff states that Defendant FML distributed advertisements in 2005 with a confusingly similar logo to that of Plaintiff's design mark. (See Complaint, ¶ 25).

4. Specifically, Plaintiff alleges two instances in which Defendant FML acted to "mislead the public" by using such advertisements; however, neither of these instances on their face are sufficient to support Plaintiff's claims.

5. The first instance cited by Plaintiff is the distribution of an inner-office memorandum addressed to "All Employees" regarding an upcoming food drive. (See Complaint, ¶ 28). The memo contains a heading "Food for Friends" and states its subject is the Food for Friends promotion. (See Exhibit G to Plaintiff's Complaint).

6. The second instance cited by Plaintiff is the distribution of an advertisement that bears an image of a heart within which is depicted a woman pushing a grocery cart filled with two grocery bags which bear the "Curves" logo. Above the image is the phrase "Curves Food Drive". (See Complaint, ¶ 28; See Exhibit H to Plaintiff's Complaint). The document does not contain the phrase "Food & Friends" or "Food for Friends" and does not contain the Plaintiff's design mark of a solitary grocery bag with food coming out of the top.

## II. THE STANDARD OF REVIEW FOR A RULE 12(b)(6) MOTION TO DISMISS

This Court may dismiss the claims asserted against Defendant FML if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957). When undertaking this examination, the factual allegations pled in the Complaint are taken as true, but

the Court does not have to accept the plaintiff's inferences "'if such inferences are unsupported by the facts set out in the complaint' or 'legal conclusions cast in the form of factual allegations.'"*Kaempe v. Myers, et al.*, 361 U.S. App. D.C. 335, 367 F.3d 958 (2004), citing *Browing v. Clinton,* 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C.Cir. 2002), quoting *Kowal v. MCI Communications Corp.,* 305 U.S. App.D.C. 60, 16 F.3d 1271, 1275 (D.C. Cir. 1994). Finally, as stated by the *Kaempe* Court, this Court does not have to "accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice." *Id.*, citing *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

### III. PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF ITS CLAIM WHICH WOULD ENTITLE IT TO RELIEF AGAINST DEFENDANT FML

As stated previously, Plaintiff has only alleged two actions undertaken by Defendant FML in support of its five (5) claims asserted against FML. However, neither of these actions are sufficient to support those claims.

The first action, distribution of an inner-office memorandum addressed only to employees, is, on its face, not: 1) an advertisement as alleged in paragraph 25 of the Complaint or 2) intended for the public. Nor does it include in any way one of Plaintiff's trademarks. While the memo does state that it pertains to Food for Friends, Plaintiff's trademarked phrase "Food & Friends" is different, using an ampersand instead of words, and using "and" instead of "for". Clearly, this exhibit is contradictory of the inferences drawn and allegations made by Plaintiff in the complaint and does not support the claims made against FML.

The second action, distribution of an advertisement as described above, also clearly does not support the allegations that it bears a "confusingly similar logo" to that of the Plaintiff's. Aside from the fact that both logos include hearts and grocery bags with food in them, they are

entirely dissimilar and clearly not confusing. FML's advertisement states it pertains to the Curves Food Drive and does not mention Food & Friends at all; it includes two grocery bags in a grocery cart instead of a solitary bag standing by itself; the entire image is contained with a heart and the grocery bags state "Curves" on them, instead of depicting a single heart on a single bag.

The alleged actions on the part of FML are not supported by the exhibits attached to the complaint, and in fact, the exhibits compel inferences opposite of those drawn by Plaintiff. Therefore, Defendant FML reqeusts the dismissal of all claims brought by Plaintiff against it.

### IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Fitness Management LLC requests this Court enter an Order dismissing all claims alleged against it and for the award of its attorneys fees and costs in filing this Motion.

FITNESS MANAGEMENT, LLC
By Counsel,

LAW OFFICE OF BENJAMIN F. SAULTER

By _____
Benjamin F. Saulter, Esq. (Bar No. 185371)
1710 Rhode Island Ave., NW
Washington, DC 20036
202-483-7240

LAW OFFICE OF R. CRAIG JENNINGS, PLLC

By _____
Jennifer R. Porter (VSB #470817)
Counsel for Plaintiff, signed pursuant to Local Rule Civil 83.2(e)
10201 Lee Highway, #490
Fairfax, Virginia 22030
(703) 639-1042

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of July, 2005, a true and accurate copy of the foregoing was mailed first class, postage prepaid, to:

Steven B. Fabrizio
JENNER & BLOCK, LLP
601 Thirteenth Street, N.W.
Washington, DC 20005-3823
Counsel for Plaintiff

I further certify that service will be made upon Defendants Curves International, Inc. And Curves Cleveland Park, immediately after an address for the parties and/or their counsel is discovered.

_____
Benjamin F. Saulter