IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FOOD & FRIENDS, INC.

    Plaintiff,

v.

CURVES INTERNATIONAL, INC.,
FITNESS MANAGEMENT LLC,
CURVES CLEVELAND PARK,
and Does 1-50

    Defendants.

Civil Action No. 05-1211 (CKK)

## DEFENDANT CURVES INTERNATIONAL, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Curves International, Inc. (hereinafter "Curves" or "defendant") files this answer to plaintiff Food & Friend, Inc.'s Complaint. All allegations not expressly admitted are denied.

### ANSWER TO THE COMPLAINT'S ALLEGATIONS

1.     The allegations of paragraph 1 set forth a description of the case, as to which no responsive pleading is required. To the extent that a response is required, defendant denies the allegations.

2.     Defendant is without sufficient knowledge to admit or deny the factual allegations of paragraph 2, and they are therefore denied.

3. Defendant admits the factual allegation of paragraph 3 of that it is an international fitness corporation with hundreds of locations and/or franchises around the country. Defendant admits it has more than 24 locations in the District of Columbia. Defendant is without sufficient knowledge to admit or deny the number of locations and/or franchises in the "surrounding area" as such area is indefinite. Such allegation is therefore denied.

4. Defendant denies the factual allegations of Paragraph 4.

5. Defendant denies the factual allegations of Paragraph 5.

6. Defendant is without sufficient information to admit or deny the factual allegations of Paragraph 6. Such factual allegations are therefore denied.

7. The allegations of paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations of paragraph 7.

8. The first clause of paragraph 8 constitutes a legal conclusion to which no response is required. To the extent that a response is required, defendant denies the allegation as the proper venue for this action is in the Western District of Texas where defendant is prosecuting a first-filed declaratory judgment action against plaintiff herein in which it is seeking a declaration of noninfringement. Defendant admits that it does business in the District of Columbia. Defendant denies the remaining allegations of paragraph 8.

9. Defendant is without sufficient knowledge to admit or deny the factual allegations of paragraph 9, and they are therefore denied. To the extent that the allegations of paragraph 9 constitute a legal conclusion, no response is required. To the extent that a response is required, the allegations are denied.

10. Defendant is without sufficient knowledge to admit or deny the factual allegations of paragraph 10, and they are therefore denied. To the extent that the allegations of paragraph 10

constitute a legal conclusion, no response is required. To the extent that a response is required, the allegations are denied.

11. Defendant is without sufficient knowledge to admit or deny the factual allegations of paragraph 11, and they are therefore denied.

12. The allegations of paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations of paragraph 12.

13. Defendant is without sufficient information to admit or deny the factual allegations of Paragraph 13. Such allegations are therefore denied.

14. Defendant is without sufficient information to admit or deny the factual allegations of Paragraph 14. Such allegations are therefore denied.

15. Defendant is without sufficient information to admit or deny the factual allegations of Paragraph 15. Such allegations are therefore denied.

16. Defendant is without sufficient information to admit or deny the factual allegations of Paragraph 16. Such allegations are therefore denied.

17. Defendant admits the factual allegation of Paragraph 17.

18. Defendant admits the factual allegation of Paragraph 18 that "Founded in 1992, Curves is widely regarded in the franchising industry has [sic] having achieved the fastest growth rate of any franchise in U.S. history, even faster than McDonalds." Defendant denies the factual allegation that "the Curves organization is now worth approximately two billion dollars" as, among other things, the "Curves organization" is undefined.

19. Defendant denies the factual allegations of Paragraph 19.

20. Defendant denies the factual allegations of Paragraph 20.

21. Defendant admits the factual allegation of Paragraph 21 that a copy of the 2004 Curves advertisement made available to Curves franchisees is attached as Exhibit C to plaintiff's Complaint. Defendant denies the remainder of the factual allegations of Paragraph 21.

22. Defendant admits that on February 18, 2004 plaintiff advised defendant of plaintiff's purported trademark registration for FOOD & FRIENDS and demanded that defendant "cease and desist use of the grocery bag image with the words 'food for friends.'" Defendant is without sufficient information to admit or deny when plaintiff first became aware of the sixth annual Curves Food For Friends Food Drive, such allegation is therefore denied. The remaining factual allegations of Paragraph 22, to the extent not addressed are denied.

23. Defendant is without sufficient information to admit or deny the factual allegations of Paragraph 23. Such allegations are therefore denied.

24. Defendant is without sufficient information to admit or deny the factual allegation of Paragraph 24 about the reasons plaintiff settled. Such allegations are therefore denied. Defendant is without sufficient information to admit or deny plaintiff's belief that the settlement agreement between the parties was "amicable." Such allegation is therefore denied. Defendant denies the allegation that the settlement agreement between the parties was "memorialized in part in a letter agreement dated May 20, 2004" as the May 20, 2004 letter agreement constitutes the entire agreement between the parties and its terms speak for themselves. Defendant admits the factual allegations of paragraph 24 that plaintiff released defendant and its franchisees from claims of past infringement and that the settlement agreement did not authorize or license defendant or its franchisees to use any FOOD & FRIENDS trademarks in the future. Defendant denies that any provision was included in the settlement agreement that defendant and its franchisees "would cease use of any logo or materials that used, approximated or sought to trade

4

on the goodwill of the FOOD & FRIENDS trademarks." The remaining factual allegations of Paragraph 24, to the extent not addressed are denied.

26. Defendant is without sufficient information to admit or deny the factual allegations of Paragraph 26 concerning defendant CCP. All such allegations are therefore denied. Defendant denies that these advertising logos are confusingly similar to plaintiff's.

25. Defendant denies the factual allegations of Paragraph 25.

27. Defendant admits that it made available to its franchisees a copy of a press release with a new name and logo for the 2005 CURVES FOOD DRIVE specifically eliminating the use of the term FOOD FOR FRIENDS. Defendant admits that the press release is depicted in Exhibit F to plaintiff's Complaint. Defendant admits that it made available to its franchisees other materials with a new name and logo for the 2005 CURVES FOOD DRIVE specifically eliminating the use of the term FOOD FOR FRIENDS in connection with a grocery bag. Defendant denies the remaining allegations of paragraph 27.

28. Defendant is without sufficient information to admit or deny the factual allegations of Paragraph 28 concerning defendant FML. All such allegations are therefore denied.

29. Defendant denies the factual allegations of Paragraph 29 that Curves franchisees infringed or continued to infringe Plaintiff's trademarks. Defendant denies the factual allegations of Paragraph 29 that it made no effort to prevent Curves franchisees from infringing Plaintiff's marks. Defendant is without sufficient information to admit or deny the remaining allegation of Paragraph 29. All such allegations are therefore denied.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 32.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 35.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 40.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 43.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 46.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 50.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 53.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 56.

58. Defendant admits that plaintiff and defendant Curves entered into a valid and enforceable settlement agreement resolving plaintiff's allegations that defendant and its franchisees infringed plaintiff's trademarks. Defendant denies that the settlement is memorialized 'in part" by the Letter Agreement. Defendant denies the remaining allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 60.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by release.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's trademark claims are barred in whole or in part by lack of valid trademark rights by virtue of naked licensing.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages for infringement of a federally registered trademark under 15 USC § 1114 are barred for failure to provide constructive notice as required by 15 USC § 1111.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel.

## JURY DEMAND

Defendant hereby demands trial by jury.

Dated: July 14, 2005

Respectfully submitted,

By: /s/ Basil C. Culyba
Basil C. Culyba
(D.C. Bar No. 250191)
COLLIER SHANNON SCOTT, PLLC
3050 K Street, N.W.
Suite 400
Washington, D.C. 20007
Tel.: 202.342.8629
Fax: 202.342.8451

*Attorneys for Defendant*
*Curves International, Inc.*

9

## CERTIFICATE OF SERVICE

I certify that on July 14, 2005, I caused a true and correct copy of the foregoing Defendant Curves International, Inc.'s Answer to Plaintiff's Complaint to be served via electronic and first class mail upon:

>Steven B. Fabrizio, Esq.
>JENNER & BLOCK LLP
>601 Thirteenth Street, N.W.
>Washington, D.C. 20005-3823
>
>*Attorneys for Plaintiff*
>*Food & Friends, Inc.*

Dated July 14, 2005

By: /s/ Basil C. Culyba
Basil C. Culyba
(D.C. Bar No. 250191)
COLLIER SHANNON SCOTT, PLLC
3050 K Street, N.W.
Suite 400
Washington, D.C. 20007
Tel.: (202) 342-8629
Fax: (202) 342-8451

*Attorneys for Defendant*
*Curves International, Inc.*