# JENNER&BLOCK

Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005
Tel 202-639-6000
www.jenner.com

Chicago
Dallas
Washington, DC

Steven B. Fabrizio
Tel 202 639-6040
Fax 202 661-4823
sfabrizio@jenner.com

**BY HAND**

August 1, 2005

Honorable Colleen Kollar-Kotelly
United States District Judge
United States District Court
333 Constitution Avenue, N.W.
Washington, D.C. 20001

    Re:   *Food & Friends, Inc. v. Curves International, Inc., et al.*,
           **Civil Action No. 05 1211 (CKK)**

Dear Judge Kollar-Kotelly:

    Enclosed please find a courtesy copy of Plaintiff's Opposition to Fitness Management, LLC's Motion to Dismiss.

                                                        Respectfully submitted,

                                                        Steven B. Fabrizio

Enclosure

cc: Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOD & FRIENDS, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05 cv 01211 CKK |
| ) | |
| v. ) | Hon. Colleen Kollar-Kotelly |
| ) | |
| CURVES INTERNATIONAL, INC., ) | |
| FITNESS MANAGEMENT, LLC, ) | |
| CURVES CLEVELAND PARK and DOES ) | |
| 1-50, ) | |
| ) | |
| Defendants. ) | |

## FOOD & FRIENDS' OPPOSITION TO FITNESS MANAGEMENT, LLC's MOTION TO DISMISS

Steven B. Fabrizio
D.C. Bar # 436482
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
Tel:  202-639-6040
Fax: 202-661-4823

Dated:  July 29, 2005           *Attorneys for Food & Friends, Inc.*

**TABLE OF CONTENTS**

Introduction ..................................................................................................................... 1

Background ..................................................................................................................... 2

Argument ......................................................................................................................... 5

      I.      FOOD & FRIENDS STATES A CLAIM FOR TRADEMARK
            INFRINGEMENT AND UNFAIR COMPETITION ................................... 5

      II.     THE FACT-BOUND QUESTION OF LIKELIHOOD OF
            CONFUSION CANNOT BE DECIDED ON A RULE 12(B)(6)
            MOTION DIRECTED TO THE PLEADINGS ........................................... 8

      III.    FOOD & FRIENDS STATES A CLAIM FOR
            TRADEMARK DILUTION ..................................................................... 11

Conclusion ..................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611 (7th Cir. 1993) ............................... 10

*Appleseed Foundation, Inc. v. Appleseed Institute, Inc.*, 981 F. Supp. 672 (D.D.C. 1997) ......................................................................................................................... 6, 12

*Basile S.p.A. v. Basile*, 899 F.2d 35 (D.C. Cir. 1990) .................................................................. 6

*Browning v. Clinton*, 292 F.3d 235 (D.C. Cir. 2002) .................................................................. 5

*Conley v. Gibson*, 355 U.S. 41 (1957) ......................................................................................... 5

*Country Floors, Inc. v. Partnership Composed of Gepner and Ford*, 930 F.2d 1056 (3rd Cir. 1991) .................................................................................................................... 10

*Deere & Co. v. MTD Products, Inc.*, 2001 U.S. Dist. LEXIS 5190 (S.D.N.Y. Apr. 30, 2001) .............................................................................................................................. 9

*Federation Internationale de Football Association v. Nike, Inc.*, 285 F. Supp. 2d 64 (D.D.C. 2003) ................................................................................................................ 6, 7, 11

*Government Employees Insurance Co. v. Google, Inc.*, 330 F. Supp. 2d 700 (E.D.Va. 2004) ................................................................................................................... 9

*Interstellar Starship Services, Ltd. v. Epix, Inc.*, 184 F.3d 1107 (9th Cir. 1999) ........................ 10

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) .................................................. 5

*Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 220 F.R.D. 39 (S.D.N.Y. 2004) .................................................................................................................. 9

*Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418 (2003) ......................................................... 11

*Partido Revolucionario Dominicano (PRD) v. Partidio Revolucionario Dominicano*, 312 F. Supp. 2d 1 (D.D.C. 2004) .............................................................................................. 6

*Polaroid Corporation v. Polarad Electronics Corporation*, 287 F.2d 492 (2d Cir. 1961) ........................................................................................................................................ 6

*Pro-Football, Inc., v. Suzan Shown Harjo*, 284 F. Supp. 2d 96 (D.D.C. 2003) ......................... 8

*Readers Digest Associate, Inc. v. Conservative Digest, Inc.*, 821 F.2d 800 (D.C. Cir. 1987) .................................................................................................................................... 9

*Solite Corp. v. Solidite Corp.*, 136 U.S.P.Q. (BNA) 28 (D.D.C. 1962) .......................................... 10

*Solow v. BMW (US) Holding Corp.*, 1998 U.S. Dist. LEXIS 16059 (S.D.N.Y. Oct. 14, 1998) ............................................................................................................................... 9

*Stewart v. District of Columbia Armory Board*, 863 F.2d 1013 (D.C. Cir. 1988) ........................... 5

**STATUTES**

15 U.S.C. § 1114(1)(a) ..................................................................................................................... 5

15 U.S.C. § 1125(a) .................................................................................................................... 6, 11

15 U.S.C. § 1127 ............................................................................................................................ 11

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 1

## Introduction

Plaintiff Food & Friends, Inc. ("Food & Friends") respectfully submits this memorandum in opposition to Defendant Fitness Management, LLC's ("FML") motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Food & Friends' complaint for failure to state a claim upon which relief can be granted.

Food & Friends has properly pleaded its claims against FML for federal and common law trademark infringement, trademark dilution, and federal and common law unfair competition. Indeed, FML does not dispute that the claims are properly pleaded. Rather, FML asks this Court, without citing a single authority in support, to make the ultimate factual finding in this case that FML's public dissemination of advertisements bearing the offending "heart and grocery bag with food" design mark are not "likely to cause confusion." Respectfully, FML's request of this Court is wholly misplaced on a motion to dismiss on the pleadings.

First, with respect to Food & Friends' trademark infringement and unfair competition claims, this Court cannot properly determine on a Rule 12(b)(6) motion whether the FML advertisement is "likely to cause confusion." Even if FML's motion were for summary judgment under Rule 56—and lodged following the development of a full record with discovery and expert analyses—the motion would still be misplaced because "likelihood of confusion" is a pure question of fact, a fact-bound conclusion that rests with the fact-finder in the first instance. But FML asks this Court to make that factual determination not on a motion for summary judgment but on a motion directed to the pleadings. In doing so, FML asks the Court to make the factual finding without any factual development, discovery or record-building—which FML seeks to preempt

entirely. Thus, for example, granting FML's motion would prevent Food & Friends from (a) presenting any survey evidence or expert testimony on the issue of likelihood of confusion; (b) presenting any evidence of actual confusion in the marketplace; or (c) taking discovery of defendants' good faith, or lack thereof, in using the mark. Each of these, and several others, are well-established considerations a fact-finder is to weigh in determining likelihood of confusion.

Second, FML's entire motion focuses on likelihood of confusion, but "likelihood of confusion" is not an element a plaintiff is required to plead for a trademark dilution claim. Thus, FML's motion is devoid of *any* argument or rationale as to why Food & Friends' dilution claim should be dismissed.

## Background

*Food & Friends*

Since 1988, Food & Friends has been preparing, packaging and delivering meals and groceries to people living with HIV/AIDS and/or other life-challenging illnesses such as breast, lung and colon cancer. Currently, Food & Friends cares for approximately 1,000 clients each month, more than 200 of them children, throughout Washington, DC, and in neighboring counties in Maryland and Virginia. It is the only non-profit organization in the Washington, DC region providing these services. Food & Friends has been recognized as one of DC's best local charities.

People with HIV/AIDS, cancer and other life-challenging illnesses often lose their appetite or their will to address their nutritional needs at the very point when good nutrition is critical to their well-being. It is Food & Friends' mission to help care for these people. Every day, Monday through Saturday, Food & Friends delivers home-

2

cooked, nutritious meals, directly to its clients' homes. Food & Friends' registered dieticians and professional chefs work closely to provide nutritional counseling and meals to meet the individual dietary needs of each client. For clients and family members who are healthy enough to prepare their own meals, Food & Friends offers a service called "Groceries to Go," which provides non-perishable groceries and other pre-prepared meals.

Food & Friends has never required a fee for its services. Determination of eligibility for Food & Friends' services is entirely health-based. Food & Friends has no requirements for income or insurance coverage.

Thus, for Food & Friends, ongoing fundraising and active volunteer support are vital to being able to perform its mission. In turn, Food & Friends' image in the community, including its branding and trademarks, are vitally important for its fundraising and its ability to attract and maintain its volunteers.

*Curves' Infringement*

The instances addressed in this Action are not the first infringements of Food & Friends' trademarks by Curves and its franchisees.

In 2004, Curves organized a so-called "6th Annual Food for Friends Food Drive" in DC—apparently an annual event that Curves also uses to sell more memberships for its franchised fitness centers. In promoting that food drive, Curves and its franchisees in the DC area blatantly infringed Food & Friends' registered trademarks, including its word mark and signature grocery bag logo. The encroachment on the Food & Friends trademarks by the Curves promotional and marketing materials was unmistakable—as was the likely and actual confusion and association in the community. Indeed, even a

Curves franchisee called Food & Friends, mistakenly believing that there must have been some association between Curves and Food & Friends in regard to the food drive.

Curves and Food & Friends ultimately reached an amiable settlement of the 2004 trademark issues. As part of that settlement, Curves paid Food & Friends $35,000 and agreed not to infringe further the Food & Friends trademarks.

The current dispute arises because, in connection with the 2005 food drive, Curves and its DC-area franchisees *again* infringed Food & Friends' trademarks. At least one franchisee (and possibly more) used promotional materials virtually identical to the Curves promotional materials that gave rise to the dispute in 2004. Other franchisees, including FML, used materials that had been modestly redesigned—but which still infringe the Food & Friends trademarks.

The FML materials continue to share obvious physical similarities with Food & Friends' trademarks. Most egregiously, FML continues to use as its logo the pairing of a heart with a grocery bag with food coming out of the top. This imagery is particularly likely to create confusion among members of the community given the history of trademark infringement by Curves in the DC community, and the current use by some Curves franchisees of the same blatantly infringing materials from last year.

The complaint seeks to redress this continuing infringement by Curves and its DC-area franchisees. Thus, the complaint properly states claims for trademark infringement, trademark dilution and unfair competition against Curves and certain of its franchisees. The complaint further states claims against Curves for breach of settlement agreement and fraudulent inducement. (Neither Curves nor the other named Curves franchisee defendant has challenged the sufficiency of the pleadings.)

4

## Argument

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must assume the truth of the facts alleged and may grant the motion only if it appears that plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). At the Rule 12(b)(6) stage, a court does "not assess the truth of what is asserted to determine whether a plaintiff has any evidence to back up what is in the complaint." *Browning*, 292 F.3d at 242 (internal quotation omitted). Instead, the complaint must be construed liberally in a plaintiff's favor and this Court must grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). As a result, "a motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted." *Stewart v. District of Columbia Armory Bd.*, 863 F.2d 1013, 1017 (D.C. Cir. 1988).

### I. FOOD & FRIENDS STATES CLAIMS FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION.

Section 32(1) of the Lanham Act creates trademark infringement liability for "[a]ny person who shall without the consent of the registrant . . . use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). Moreover, Section 43(a) of the Lanham Act creates an unfair competition remedy for "[a]ny person who, on or in connection with any goods or service, . . . uses in commerce . . . any false designation of origin, false or misleading

5

description of fact" that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a). "The analysis for unfair competition under Section 43(a) of the Lanham Act is essentially the same as the analysis for trademark infringement." *Partido Revolucionario Dominicano (PRD) v. Partidio Revolucionario Dominicano*, 312 F. Supp. 2d 1, 11 (D.D.C. 2004).

In order to plead its claims, Food & Friends must merely allege: (1) that it owns a valid trademark, (2) that the mark is distinctive on its own or that it has acquired a secondary meaning, and (3) that there is a likelihood of confusion. *Appleseed Found., Inc. v. Appleseed Inst., Inc.*, 981 F. Supp. 672, 675 (D.D.C. 1997). Food & Friends properly pleads these claims.

First, Food & Friends alleges that it is the owner of the federally registered and incontestable Food & Friends trademarks and FML does not dispute the propriety of these allegations. *See* Compl. ¶¶ 9-10, 34.

Second, Despite FML's unsupported contention to the contrary, Plaintiff does adequately allege FML's infringement of Food & Friends' trademarks. The standard test for "likelihood of confusion" in this District is the one articulated by Judge Friendly in *Polaroid Corporation v. Polarad Electronics Corporation*, 287 F.2d 492, 495 (2d Cir. 1961). *See, e.g., Basile S.p.A. v. Basile*, 899 F.2d 35, 37 (D.C. Cir. 1990); *Fed'n Internationale de Football Ass'n v. Nike, Inc.*, 285 F. Supp 2d 64, 72 (D.D.C. 2003). The Court is to consider the following non-exhaustive factors: (1) the strength of the plaintiff's mark; (2) the degree of similarity between the plaintiff's and defendant's

6

marks; (3) the proximity of the products being sold; (4) the likelihood that the plaintiff will 'bridge the gap' between the products being sold; (5) evidence of actual confusion; (6) defendant's good faith in using the mark; (7) the quality of defendant's products; and (8) the sophistication of the relevant consumer market. *See Fed'n Internationale de Football Ass'n*, 285 F. Supp. 2d at 72.

Food & Friends has alleged that its Food & Friends design mark is a unique, strong mark afforded the highest level of protection under federal trademark law. *See* Compl. ¶ 9 ("Plaintiff's [mark] is incontestable within the meaning of Section 15 of the Lanham Act . . . ."); ¶ 14 ("Plaintiff has spent significant sums of money advertising, promoting and marketing its charitable services under the FOOD & FRIENDS trademarks and consequently has built up tremendous good will, including in the District of Columbia and surrounding and Maryland and Virginia areas, in the charitable services it has provided under the trademarks."). Food & Friends further alleges that FML "widely distributed advertisements and other materials that bear a confusingly similar logo" to the Food & Friends design mark—specifically alleging that the heart shape and grocery bag with food items visible from the top are the dominant portions of the mark resulting in a confusing similarity between the marks. *See* Compl. ¶¶ 28, 34 & Ex. H. Moreover, Food & Friends has alleged that the junior mark is being used, in part, in connection with charitable fundraising, which addresses the similarity between the services offered under the marks. *See* Compl. ¶¶ 9, 19. Furthermore, Food & Friends alleges that defendants' use of Food & Friends' design mark is and was in bad faith in view of the parties prior trademark infringement settlement. *See* Compl. ¶¶ 21-32. Finally, Food & Friends alleges that its charitable services are of the highest quality and,

7

by contrast, FML's offending mark is additionally being used in a commercial marketing campaign to sell more memberships for Curves franchisees. *See* Compl. ¶ 2 ("Food & Friends has been recognized by the *Washingtonian* as one of the District's best local charities"); ¶ 19 ("Defendant Curves began infringing the FOOD & FRIENDS trademarks . . . in connection with . . . an annual food drive of Defendants that Defendants also use as a marketing campaign to sell more Curves memberships").

Therefore, Food & Friends alleges far more than a sufficient basis regarding FML's infringement of Food & Friends' mark to proceed with its claim.

## II.  THE FACT-BOUND QUESTION OF LIKELIHOOD OF CONFUSION CANNOT BE DECIDED ON A RULE 12(b)(6) MOTION DIRECTED TO THE PLEADINGS.

FML does not argue that Food & Friends' Complaint insufficiently alleges *any* of its five claims against FML. Instead, FML argues that this Court should dismiss Food & Friends complaint because FML's "heart and grocery bag with food" logo depicted in its advertisements distributed in commerce cannot "as a matter of law" be likely to cause confusion with Food & Friends' "heart and grocery bag with food" design mark.

However, FML does not cite a single case where, at the pleading stage, a court has dismissed a well-pleaded trademark complaint for failure to state a claim on the ground that the junior and senior marks are not likely to cause confusion. Nor has plaintiff been able to locate any such authorities. That is, Food & Friends submits, for a very good reason. In this Circuit whether the FML advertisements are likely to cause confusion is a question of fact, not law, and is not a proper inquiry on a Rule 12(b)(6) motion to dismiss. *Pro-Football, Inc., v. Suzan Shown Harjo*, 284 F. Supp. 2d 96, 116-17 (D.D.C. 2003) (Kollar-Kotelly, J.) (the majority view and "the better view" is that the

8

question of likelihood of confusion "is a pure question of fact"; it is "a fact-bound conclusion that rests with the fact-finder in the first instance") (internal citations and quotations omitted); *see also Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 220 F.R.D. 39, 40 (S.D.N.Y. 2004) ("[T]he question of likelihood of confusion is fact-specific inquiry which would require the Court to resolve disputed fact questions beyond the complaint, and it is therefore a question not appropriate for resolution on a test that considers only whether the complaint states a cognizable claim on which the plaintiff may obtain relief."); *Gov't Employees Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 704 (E.D.Va. 2004) (likelihood of confusion considers fact-specific issues "not properly resolved through a motion to dismiss"); *Solow v. BMW (US) Holding Corp.*, 1998 U.S. Dist. LEXIS 16059, *9-10 (S.D.N.Y. Oct. 14, 1998) (denying motion to dismiss on grounds of no likelihood of confusion because allegations in complaint must be accepted as true); *Deere & Co. v. MTD Prods., Inc.*, 2001 U.S. Dist. Lexis 5190, *3-4 (S.D.N.Y. Apr. 30, 2001) ("On a motion to dismiss the Court must accept the allegations in the complaint as true and it cannot undertake the fact-dependent likelihood of confusion analysis.").

Indeed, in applying the "clearly erroneous" standard of review applicable to factual findings (as opposed to the *de novo* standard applicable to questions of law), the D.C. Circuit confirms that "likelihood of confusion" is a question of fact. *Readers Digest Assoc., Inc. v. Conservative Digest, Inc.*, 821 F.2d 800, 804 (D.C. Cir. 1987) ("A lower court's findings with respect to [likelihood of confusion] are entitled to substantial deference on appeal; a reviewing court may reverse such findings only if they are clearly erroneous); *Esso Standard Oil Co. v. Sun Oil Co.*, 229 F.2d 37, 39 (D.C. Cir. 1956)("A

9

finding of fact by the District Court, sitting without a jury, may be set aside on appeal only if it is clearly erroneous").

Even the granting of summary judgment on likelihood of confusion—after discovery and a full record, including expert testimony—is exceedingly rare in this District. S*ee, e.g., Solite Corp. v. Solidite Corp.*, 136 U.S.P.Q. (BNA) 28 (D.D.C. 1962) ("Because of their inherent nature, trademark infringement suits can rarely be determined satisfactorily on a motion for summary judgment"). *See also, e.g., Country Floors, Inc. v. P'ship Composed of Gepner and Ford*, 930 F.2d 1056, 1063 (3rd Cir. 1991)(reversing summary judgment order finding no likelihood of confusion and observing that grants of summary judgment in trademark cases are "the exception"); *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 184 F.3d 1107, 1109 (9th Cir. 1999) ("Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena"); *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 616 (7th Cir. 1993) (in reversing summary judgment of dismissal, stating that "a motion for summary judgment in trademark infringement cases must be approached with great caution").

FML's motion seeks to prevent Food & Friends from proving its trademark infringement and unfair competition claims against FML through the use of survey evidence, expert testimony or proof of actual confusion. *See,* 3 J. McCarthy, Trademarks and Unfair Competition § 23.2.1, pp. 23-13-23-15 (4th ed. 2004) (three routes of proof of likelihood of confusion: (1) survey evidence, (2) actual confusion, and (3) argument based on clear inference arising from a comparison of the conflicting marks; expert testimony "is [also] acceptable if the witness is expert in the market at issue and has

adequate factual basis for his or her opinions"). Indeed, FML seeks to preempt all discovery and record development whatsoever.[1]

### III. FOOD & FRIENDS STATES A CLAIM FOR TRADEMARK DILUTION.

FML's motion purports to seek dismissal of all claims against it. Yet FML ignores altogether Food & Friends' allegations of trademark dilution. Though unaddressed in FML's motion, Food & Friends has sufficiently pleaded its dilution claim.

Section 43(c) of the Lanham Act provides a trademark dilution remedy for a "person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark." 15 U.S.C. § 1125(c). The statutory definition of "dilution" is "the lessening of the capacity of a famous mark to identify and distinguish goods or services, ***regardless of the presence or absence of . . . likelihood of confusion***, mistake, or deception." 15 U.S.C. § 1127 (emphasis added). Likelihood of confusion is therefore not an element of a dilution claim. *See, e.g., Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418, 429 (2003); *Fed'n Internationale de Football Ass'n*, 285 F. Supp 2d at 72 n.5.

In order to plead a case for dilution under § 1125(c), Food & Friends must allege: (1) that it owns a mark which is "distinctive and famous", (2) that FML used its mark after Food & Friends' mark became famous, and (3) that FML's mark dilutes the famous

---

[1] FML also seems to argue that its use of the term "Food for Friends" in its internal company memorandum cannot support a claim for trademark infringement of the Food & Friends word mark. But FML misapprehends Food & Friends' trademark infringement claim. Food & Friends does not allege that the internal distribution of FML's inter-office memorandum is sufficient by itself to support an allegation of trademark infringement of plaintiff's word mark. Rather, Food & Friends included this memorandum in its complaint to show the context in which the infringement of Plaintiff's design mark took place and the scope of that infringement.

11

mark. *Appleseed Found.*, 981 F. Supp. at 672, 676-77. Dilution can occur either by "tarnishment" (defective or deficient goods or services sold in connection with a junior mark damages the reputation of the senior mark), or by "blurring" (the junior mark erodes the distinctive, identifying force of the senior mark). *Id.*

> Food & Friends complaint states in pertinent part:
>
> Since at least as early as September 12, 1989, Plaintiff has been continuously using the FOOD & FRIENDS trademarks in connection with charitable fundraising services . . .
>
> Because of Plaintiff's long-standing and continuous use of its FOOD & FRIENDS trademarks and the high quality of charitable services Plaintiff's offers in connection therewith, Plaintiff's FOOD & FRIENDS trademarks have garnered substantial recognition among consumers, charitable donors and volunteers, and fame within the community of non-profit charitable organizations, donors and volunteers.
>
> Defendants use of the FOOD & FRIENDS trademark causes dilution of the distinctive quality of the famous FOOD & FRIENDS marks owned by Plaintiff by lessening the capacity of Plaintiff's famous marks to identify and distinguish the charitable services of Plaintiff and by tarnishing Plaintiff's reputation in the charitable services community . . .

*See* Compl. ¶¶ 13, 16, 45.

Thus, Food & Friends has sufficiently pleaded each of the elements of a dilution claim, and FML's motion to dismiss with respect to Food & Friends' trademark dilution claim must be denied.

### Conclusion

FML's invitation to this Court to preempt all record development and decide the ultimate factual question on a motion on the pleadings should be rejected. FML's motion should be denied.

July 29, 2005                          Respectfully submitted,

By: _____
Steven B. Fabrizio
D.C. Bar # 436482
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
 Tel:  202-639-6040
 Fax: 202-661-4823

*Attorneys for Food & Friends, Inc.*

**Certificate Of Service**

I, Steven B. Fabrizio, hereby certify that on July 29, 2005, I caused true and correct copies of the foregoing Food & Friends' Opposition To Fitness Management, LLC's Motion to Dismiss to be served by first-class mail to:

Basil C. Culyba, Esq.
Collier Shannon Scott, PLLC
3050 K Street, NW, Suite 400
Washington, DC  20007

Benjamin F. Saulter, Esq.
Law Office of Benjamin F. Saulter
1710 Rhode Island Ave., N.W.
Washington, DC  20036

Jennifer R. Porter, Esq.
Law Office of R. Craig Jennings, PLLC
10201 Lee Highway, #490
Fairfax, Virginia  22030

Arnold P. Lutzker
Carl H. Settlemyer, III
Lutzker, Lutzker & Settlemyer LLP
1000 Vermont Avenue, NW, Suite 450
Washington, DC  20005-4929

_____
Steven B. Fabrizio