IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FOOD & FRIENDS, INC.

    Plaintiff,

v.

CURVES INTERNATIONAL, INC.,

MAREL LLC and ELVI MOORE
3414 Idaho Avenue, N.W.
Washington, DC 20016,

*et al.*

    Defendants.

Case No. 1: 05CV01211 CKK

Sealed TD

## ANSWER OF DEFENDANTS MAREL LLC AND ELVI MOORE TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Marel LLC and Elvi Moore (collectively "Marel") respond to the Complaint of Plaintiff, Food & Friends, Inc. ("F&F"), as follows:

1. Marel admits that the Complaint in this action alleges claims against all defendants for trademark infringement, trademark dilution, and unfair competition, and against defendant Curves International, Inc. for contributory trademark infringement, contributory trademark dilution, breach of settlement agreement, and fraudulent inducement. Marel denies any remaining allegations in paragraph 1.

2. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 2, and on that basis denies those allegations.

3. Marel admits that Defendant Curves International, Inc. has at least one franchisee with fitness facilities located within and outside of the District of Columbia. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 3, and on that basis denies those allegations.



RECEIVED

JUL 14 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4.      Marel admits that Elvi Moore is a franchisee of Defendant Curves International, Inc., and that Marel LLC operates a franchise of Defendant Curves International, Inc., and that they have a place of business at 3414 Idaho Avenue, N.W., Washington, DC 20016. Marel denies any remaining allegations in paragraph 4.

5.      Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 5, and on that basis denies those allegations.

6.      Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 6, and on that basis denies those allegations.

7.      Marel admits that this action arises under the Lanham Act and that this Court has jurisdiction over the claims asserted against Marel in the Complaint. Marel lacks sufficient knowledge to admit or deny remaining allegations in paragraph 7, and on that basis denies those allegations.

8.      Marel admits that it does business in the District of Columbia and admits that this suit may be brought against Marel in this District. Marel denies the remaining allegations in paragraph 8.

9.      Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 9, and on that basis denies those allegations.

10.     Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 10, and on that basis denies those allegations.

11.     Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 11, and on that basis denies those allegations.

12.     Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 12, and on that basis denies those allegations.

13.     Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 13, and on that basis denies those allegations.

14.     Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 14, and on that basis denies those allegations.

15. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 15, and on that basis denies those allegations.

16. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 16, and on that basis denies those allegations.

17. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 17, and on that basis denies those allegations.

18. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 18, and on that basis denies those allegations.

19. Marel admits that in February and March of 2004 it participated in a Curves International sponsored food drive advertised through the use of materials that included the wording "food for friends." Marel admits that in February and March of 2005 it participated in a Curves International sponsored food drive. Marel admits that Marel LLC waived the initial membership fee for any prospective member who donated a bag of nonperishable food items during a specific week in March 2004 and a specific week in March 2005, respectively. Marel denies the remaining allegations in paragraph 19 as they relate to Marel. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 19, and on that basis denies those allegations.

20. Marel denies the allegations in paragraph 20.

21. Marel denies the allegations in paragraph 21 as they relate to Marel. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 21, and on that basis denies those allegations.

22. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 22, and on that basis denies those allegations.

23. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 23, and on that basis denies those allegations.

24. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 24, and on that basis denies those allegations.

3

25. Marel denies the allegations in paragraph 25 as they relate to Marel. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 25, and on that basis denies those allegations.

26. Marel admits that Marel LLC distributed an advertisement of the form shown in Exhibit E to Plaintiff's Complaint on or about February and March 2005 and denies the remaining allegations in paragraph 26.

27. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 27, and on that basis denies those allegations.

28. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 28, and on that basis denies those allegations.

29. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 29, and on that basis denies those allegations.

30. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 30, and on that basis denies those allegations.

31. Marel denies the allegations in paragraph 31 as they relate to Marel. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 31, and on that basis denies those allegations.

32. Marel denies the allegations in paragraph 32 as they relate to Marel. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 32, and on that basis denies those allegations.

33. Marel incorporates by reference its responses to the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Marel denies the allegations in paragraph 34.

35. Marel denies the allegations in paragraph 35.

36. Marel incorporates by reference its responses to the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Marel denies the allegations in paragraph 37.

38. Marel denies the allegations in paragraph 38 as they relate to Marel. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 38, and on that basis denies those allegations.

39. Marel denies the allegations in paragraph 39 as they relate to Marel. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 39, and on that basis denies those allegations.

40. Marel denies the allegations in paragraph 40 as they relate to Marel. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 40, and on that basis denies those allegations.

41. Marel incorporates by reference its responses to the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. Marel denies the allegations in paragraph 42.

43. Marel denies the allegations in paragraph 43.

44. Marel incorporates by reference its responses to the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Marel denies the allegations in paragraph 45.

46. Marel denies the allegations in paragraph 46.

47. Marel incorporates by reference its responses to the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. Marel denies the allegations in paragraph 48.

49. Marel denies the allegations in paragraph 49 as they relate to Marel. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 49, and on that basis denies those allegations.

50. Marel denies the allegations in paragraph 50 as they relate to Marel. Marel lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 50, and on that basis denies those allegations.

51.	Marel incorporates by reference its responses to the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52.	Marel denies the allegations in paragraph 52.

53.	Marel denies the allegations in paragraph 53.

54.	Marel incorporates by reference its responses to the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55.	Marel denies the allegations in paragraph 55.

56.	Marel denies the allegations in paragraph 56.

57.	Marel incorporates by reference its responses to the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58.	Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 58, and on that basis denies those allegations.

59.	Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 59, and on that basis denies those allegations.

60.	Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 60, and on that basis denies those allegations.

61.	Marel incorporates by reference its responses to the allegations contained in paragraphs 1 through 60 as if fully set forth herein.

62.	Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 62, and on that basis denies those allegations.

63.	Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 63, and on that basis denies those allegations.

64.	Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 64, and on that basis denies those allegations.

65.	Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 65, and on that basis denies those allegations.

66. Marel lacks sufficient knowledge to admit or deny the allegations in paragraph 66, and on that basis denies those allegations.

Marel denies that F&F is entitled to any of the relief requested in the Complaint as it relates to Marel. Any allegations set forth in Plaintiff's Complaint that Marel has not expressly set forth in this Answer are expressly denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: CONFUSION NOT LIKELY

No confusion with any mark of F&F is likely to arise by virtue of any alleged use by Marel of the terms "food" and/or "friends" and/or any image of a shopping bag and/or food.

### SECOND AFFIRMATIVE DEFENSE: GENERICNESS

F&F's alleged trademarks are, in part, generic, insofar as the terms "food" and "friends" are generic for the services believed to be offered by F&F.

### THIRD AFFIRMATIVE DEFENSE: ESTOPPEL

Plaintiff is estopped from asserting the claims alleged and obtaining the relief requested in the Complaint against Marel by reason of Plaintiff's conduct, actions and communications with others.

### FOURTH AFFIRMATIVE DEFENSE: WAIVER

Plaintiff has waived any rights it may have to institute an action for the wrongdoings alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE: NO DAMAGES

Plaintiff has not been damaged in any amount or manner by reason of any act alleged against Marel.

### SIXTH AFFIRMATIVE DEFENSE: FAIR USE

Any use by Marel of the terms "food" and/or "friends" and/or any image of a shopping bag and/or food has been a fair use of those terms and/or images other than as a mark.

### SEVENTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS

Plaintiff is barred by the doctrine of unclean hands from some or all of the relief requested because, on information and belief, Plaintiff has materially overstated the scope of its rights in its alleged marks.

### EIGHTH AFFIRMATIVE DEFENSE: NO DILUTION

No mark of F&F has been diluted or is likely to be diluted by virtue of any alleged use by Marel of the terms "food" and/or "friends" and/or any image of a shopping bag and/or food, and F&F's alleged marks are not famous.

### NINTH AFFIRMATIVE DEFENSE: ACCORD AND SATISFACTION / RELEASE

On information and belief, Marel is the beneficiary of an accord and satisfaction and a release of liability relating to at least those claims against it by Plaintiff arising out of actions alleged to have occurred on and/or before May 20, 2004.

### TENTH AFFIRMATIVE DEFENSE: LACHES

Plaintiff has delayed inexcusably in bringing its claims and attempting to enforce its alleged trademark rights against Marel, and Marel would be prejudiced by allowing plaintiff inequitably to assert its alleged rights at this time.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand a jury trial on all issues so triable, including on the claims and defenses arising from the claims asserted by Plaintiffs against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing as a result of its Complaint and that Plaintiff's claims against Marel be dismissed with prejudice.

2. That the Court deem this case exceptional and award Marel reasonable attorneys' fees, expenses and costs of suit incurred herein.

Dated: July 14, 2005                     Respectfully submitted,

By: _____

Arnold P. Lutzker (DC Bar #101816)
Carl H. Settlemyer, III (DC Bar #454272)
LUTZKER, LUTZKER & SETTLEMYER LLP
1000 Vermont Avenue, N.W., Suit 450
Washington, DC 20005-4929
Phone: (202) 408-7600
Fax: (202) 408-7600

Attorneys for Defendants, Marel LLC and Elvi Moore

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of July 2005, a true and correct copy of the foregoing "Answer of Defendants Marel LLC and Elvi Moore to Complaint and Demand for Jury Trial" was served by First Class U.S. Mail, postage prepaid, upon the following:

>Basil C. Culyba, Esquire
>COLLIER SHANNON SCOTT, PLLC
>3050 K Street, N.W.
>Suite 400
>Washington, DC 20007
>
>Steven B. Fabrizio, Esquire
>JENNER & BLOCK LLP
>601 Thirteenth Street, N.W.
>Suite 1200 South
>Washington, DC 20005-3823
>
>Brian P. O'Donnell
>JENNER & BLOCK LLP
>One IBM Plaza
>Chicago, IL 60611

_____
Carl H. Settlemyer