UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOOD & FRIENDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CURVES INTERNATIONAL, INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:05-cv-01211-CKK <br> ) <br> ) <br> ) |

**RULE 26(F) JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 16.3(a), plaintiff Food & Friends, Inc. ("Food & Friends"), and defendants Curves International, Inc. ("Curves"), Fitness Management LLC ("FML"), and Marel LLC and Elvi Moore ("Marel") (named in plaintiff's Complaint as "Curves Cleveland Park") have conferred regarding a discovery plan. Having conferred, the parties, through undersigned counsel, respectfully submit this joint discovery plan and accompanying proposed order addressing in order each of the items in L.R. 16.3(c).

(1) One defendant, FML, has filed a motion to dismiss Food & Friends' complaint for failure to state a claim. Food & Friends has opposed that motion. At this time, no other party has filed a dispositive motion, or has immediate plans to do so. The parties may pursue dispositive motions over the course of discovery. Food & Friends believes discovery should not await resolution of the FML motion, and opposes any delay in the commencement of discovery.

(2) The parties agree that additional parties may be joined and/or the pleadings may be amended at any time on or before Monday, March 6, 2006.

(3) The parties agree that this case should not be assigned to a magistrate judge.

(4)     The parties agree that there is a realistic possibility of settling the case. Food & Friends and Curves have engaged in ongoing settlement discussions that would resolve this case as to all claims and all parties.

(5)     The parties disagree as to whether they would benefit from the Court's alternative dispute resolution procedure. Food & Friends believes alternative dispute resolution is premature at this juncture, because Food & Friends and Curves have engaged in what Food & Friends believes to be productive settlement discussions without the need for outside mediation, and because Food & Friends' claims require discovery before alternative dispute resolution might be productive. Food & Friends agrees to reassess the possible benefits of alternative dispute resolution at the close of discovery, if at that time the parties have been unable to engage in productive settlement discussions or reach a settlement agreement.

The defendants do not believe the settlement discussions conducted thus far have been productive, do not believe additional discovery is necessary before having more settlement discussions, and believe that immediate referral to mediation, in which the principals shall be required to participate, with a well-qualified trademark mediator, such as Miles Alexander of Kilpatrick Stockton in Atlanta, Georgia, could be highly productive. Food & Friends opposes mediation at this time and opposes the proposed mediator and process.

(6)     Defendant FML has filed a motion to dismiss, and believes the case against it can be resolved on its motion. Food and Friends has opposed that motion. Curves and Marel agree that the claims addressed in FML's motion to dismiss can be resolved in that motion. The parties agree that they do not believe the remaining claims in the Complaint can be resolved by a motion to dismiss, except that Marel and Ms. Moore believe that Marel LLC should be substituted as a defendant for 'Curves Cleveland Park' and that the allegations of the Complaint do not state a

claim against Ms. Moore personally. Marel and Food & Friends are engaged in good faith negotiations concerning this point, but Ms. Moore reserves her right to file a motion to dismiss as to her personally should those discussions prove unsuccessful. At this time, no party has plans to file a summary judgment motion, but the parties agree they will reevaluate the possibility of filing summary judgment motions over the course of discovery.

    (7)    The parties agree to exchange the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

    (8)    The parties have agreed to a period of seven months for factual discovery, to be completed by June 14, 2006, followed by a period for expert discovery, to be completed by September 28, 2006. The parties agree that a protective order may be appropriate, and that any party desiring a protective order will first attempt in good faith to reach agreement on a stipulated (proposed) protective order before filing a motion with the Court.

    (9)    The parties agree that expert reports concerning the case-in-chief, and any required expert disclosures, will be exchanged by any party submitting such a report on or before June 28, 2006. The parties agree that rebuttal reports, and any required expert disclosures, will be exchanged by all parties intending to file a rebuttal report on or before July 28, 2006. The parties agree to conclude all expert depositions by the close of discovery on September 28, 2006.

    (10)    This case is not a class action.

    (11)    The parties agree that there is no need to bifurcate trial or discovery in this case, other than the basic division of discovery into factual and expert phases.

    (12)    The parties agree that the pretrial conference should be held 60 days following the close of all discovery. If any party files a motion for summary judgment that would, if granted,

dispose of the action, the pretrial conference should be held 60 days following the Court's decision on that motion.

(13) The parties agree that the Court should provide that a trial date be set at the pretrial conference.

Dated:                                              Respectfully submitted,


_____/s/ with permission of_____          _____/s/_____
Basil Carl Culyba                                 Steven B. Fabrizio
DC Bar No. 250191                                 DC Bar No. 436482
COLLIER SHANNON SCOTT, PLLC                       Elizabeth G. Porter
3050 K Street, NW                                 DC Bar No. 484335
Suite 400                                         JENNER & BLOCK LLP
Washington, DC 20007                              601 Thirteenth Street, NW
Telephone: 202 383-6526                           Suite 1200 South
Facsimile: 202 383-6610                           Washington, DC 20005
                                                  Telephone: 202 639-6000
*Counsel for Curves International, Inc.*          Facsimile: 202 639-6066

                                                  *Counsel for Food & Friends, Inc.*


_____/s/ with permission of_____            _____/s/ with permission of_____
Jennifer R. Porter                                Arnold Paul Lutzker
DC Bar No. 470817                                 DC Bar No. 101816
LAW OFFICES OF R. CRAIG JENNINGS,                 Carl H. Settlemyer III
PLLC                                              DC Bar No. 454272
3923 Old Lee Highway                              LUTZKER, LUTZKER & SETTLEMYER
Suite 62-B                                        LLP
Fairfax, VA 22030                                 1000 Vermont Avenue, NW
Telephone: 703 359-8620                           Suite 450
                                                  Washington, DC 20005
*Counsel for Fitness Management, LLC*             Telephone: 202 408-7600

                                                  *Counsel for Marel LLC and Elvi Moore*